# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-09-00560-CV

---

**Crashandra Lavonne Washington, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 395TH JUDICIAL DISTRICT
NO. 04-1896-F395, HONORABLE MICHAEL JERGINS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This is an accelerated appeal from an order terminating the parental rights of Crashandra Lavonne Washington to her children, J.N.W. and M.V.B. After a jury trial in which the jury found by clear and convincing evidence that Washington engaged in conduct endangering the children and that termination was in the children's best interest, Washington filed a statement of points on appeal with the trial court. The trial court held a hearing pursuant to section 263.405 of the family code. *See* Tex. Fam. Code Ann. § 263.405 (West 2008) (procedure for appealing final order); *see id*. § 263.405(d) (trial court required to hold a hearing to determine whether appeal is frivolous and whether a party's claim of indigence should be sustained). The trial court found that Washington was indigent and, after considering her statement of points on appeal, that her appeal was frivolous. *See id*. § 263.405(i) (appeal of termination order limited to issues presented in statement of points on appeal).

An appeal is frivolous when it lacks an arguable basis in law or in fact. *See id.* § 263.405(d)(3) (appeal is frivolous as provided by section 13.003(b) of civil practice and remedies code); *In re K.D.*, 202 S.W.3d 860, 865-66 (Tex. App.—Fort Worth 2006, no pet.). When a trial court makes a frivolousness finding, an aggrieved parent's appeal is initially limited to appealing the trial court's finding that the appeal is frivolous. *See* Tex. Fam. Code Ann. § 263.405(g); *Lumpkin v. Department of Family & Protective Servs.*, 260 S.W.3d 524, 526 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *In re K.D.*, 202 S.W.3d at 865. We review a trial court's frivolousness finding under an abuse of discretion standard. *Lumpkin*, 260 S.W.3d at 526-27. A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). In undertaking our review, we limit our review to the parent's statement of points on appeal and the record from the hearing held pursuant to section 263.405(d) of the family code. *See* Tex. Fam. Code Ann. § 263.405(d), (g), (i).

Washington's court-appointed attorney has filed an *Anders* brief in which he states that he performed a "diligent review of the record and applicable authorities," finds an absence of meritorious grounds for appeal, and submits "the basis of any appeal in this case would be frivolous in nature." *See Anders v. California*, 386 U.S. 738, 744 (1967); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (same). The brief filed by Washington's attorney meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds for appeal. *See Anders*, 386 U.S. at 744. The record reflects that

2

Washington's attorney has served a copy of the *Anders* brief on Washington and has informed her of her right to file a pro se brief. Washington has not filed a pro se brief.

The Texas Department of Family and Protective Services filed a response to the *Anders* brief. The Department states that, "[a]fter conducting a careful and independent review of the record," the Department agrees that the appeal is frivolous and without merit. The court-appointed ad litem for the children subject to this suit also filed a response, concurring with the other parties' assessment that the appeal is frivolous and without merit.

We have reviewed the record and the parties' briefs, and we have found nothing that would arguably support an appeal. Accordingly, we conclude that the trial court acted within its discretion in finding that the appeal is frivolous and affirm the trial court's order terminating Washington's parental rights to J.N.W. and M.V.B.[1]

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   June 11, 2010

_____

[1] We grant Washington's attorney's motion to withdraw. We order Washington's attorney to notify Washington of the disposition of this appeal and the availability of discretionary review to the Texas Supreme Court. *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).