**Derrick LUMPKIN, Sr. and Geneva Herrera, Appellants**

v.

**DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee.**

**Nos. 01–07–00560–CV, 01–07–00561–CV, 01–07–00706–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 12, 2008.

Angela E. Ellis, Eileen M. Gaffney, Jenkins & Kamin, L.L.P., Brian J. Fischer, Houston, TX, for Appellants.

John Gascoigne, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

In these three appeals, appellants, Derrick Lumpkin, Sr. and Geneva Herrera, appeal the termination of their parental

rights to their four minor children, D.I.L., D.L., L.A.U.L., and F.D.L.; Herrera also appeals the termination of her parental rights to another child, T.H.[1] Because we hold that the trial court did not abuse its discretion by determining that the appeals are "frivolous," we affirm the judgments of the trial court.

### Relevant Procedural History

After a jury trial, the trial court rendered judgment in conformity with the jury's findings, which supported the termination of Lumpkin's and Herrera's parental rights. Post-judgment, Lumpkin and Herrera filed motions for new trial, notices of appeal, affidavits of indigency, and statements of points on appeal. The trial court conducted a hearing at which it denied the motions for new trial and determined, for purposes of appeal, that Herrera was indigent but that Lumpkin was not indigent.[2]

As required by Family Code section 263.405(d), the trial court also found, based on appellants' statement of points, that the appeals were "frivolous" under the standards enunciated in Civil Practices and Remedies Code section 13.003. *See* Tex.

Fam.Code Ann. § 263.405(d)(3) (Vernon Supp.2007) (requiring trial court to hold hearing to determine whether appeal is frivolous as provided by section 13.003(b) of Civil Practices and Remedies Code). The trial court's ruling that the appeals are "frivolous" is the issue that we now address.

### Review of Frivolousness Findings

■ If a trial court makes a frivolousness finding, the aggrieved parent can appeal, but the appeal is initially limited to the frivolousness issue.[3] *See* Tex. Fam. Code Ann. § 263.405(g); *In re K.D.,* 202 S.W.3d 860, 865 (Tex.App.-Fort Worth 2006, no pet.) ("[O]nce the trial court determines that an appeal is frivolous, the scope of appellate review is statutorily limited to a review of the trial court's frivolousness finding."). That is, before we can reach the substantive merits of an appeal in which a frivolousness finding has been made, we must first determine whether the trial court properly found the appeal to be frivolous. *See In re S.T.,* 239 S.W.3d 452, 454 (Tex.App.-Waco 2007, order).

■ We review a trial court's frivolous finding under an abuse of discretion stan-

---

1. The Department of Protective and Family Services filed three separate suits affecting the parent-child relationship against appellants. The first pertains to L.A.U.M.; it bears trial court cause number 2002–54609 and appellate cause number 01–07–00561–CV. The second pertains to T.H., D.I.L., and D.L. It bears trial court cause number 2005–09691J and appellate cause number 01–07–00560–CV. The third pertains to F.D.L. It bears trial court cause number 2005–71454 and appellate cause number 07–00706–CV. The causes were tried together. The trial court signed a judgment terminating appellants' respective parental rights in each cause. Appellants appeal all three judgments.

2. In our order of March 26, 2008, we determined that the trial court did not abuse its discretion by finding that Lumpkin was not indigent. We also abated the appeals to allow

appointment of counsel for Herrera, whom the trial court had determined was indigent. After the trial court appointed counsel for Herrera, we reinstated the appeals.

3. Appellants' notices of appeal and statement of points were filed before the trial court made its frivolousness determination, and appellants' have not otherwise specifically challenged the frivolousness determination. Nonetheless, we construe Lumpkin's and Herrera's appeals to encompass a challenge to the frivolousness findings. *See In re R.A.P. II,* No. 14–06–00109–CV, 2007 WL 174376, at *2 (Tex.App.-Houston [14th Dist.] Jan. 25, 2007, no pet.) (mem.op.). As permitted by subsection 263.405(g), we determined that briefing on the frivolousness issue was not needed, and so informed the parties. *See* Tex. Fam.Code Ann. § 263.405(g) (Vernon Supp. 2007).

dard. *In re M.N.V.*, 216 S.W.3d 833, 834 (Tex.App.-San Antonio 2006, no pet.); *K.D.*, 202 S.W.3d at 866. Applying that standard, we decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

■ Family Code section 263.405(d)(3) directs the trial court to determine whether an appeal from a termination order is frivolous "as provided by section 13.003(b), Civil Practices and Remedies Code." Tex. Fam.Code Ann. § 263.405(d)(3) (Vernon Supp.2007). Section 13.003(b) provides that, "[i]n determining whether an appeal is frivolous, a judge may consider whether the appellant has presented a substantial question for appellate review." Tex. Civ. Prac. & Rem.Code Ann. § 13.003(b). For analysis purposes, an appeal is frivolous when it lacks an arguable basis either in law or in fact. *See K.D.*, 202 S.W.3d at 866 (citing *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex.App.-San Antonio 1998, no pet.)).

■ An appeal of a termination order is limited to the issues presented in the statement of points.[4] *See* Tex. Fam.Code Ann. § 263.405(i); *see Pool v. Texas Dep't of Family & Protective Servs.*, 227 S.W.3d 212, 215 (Tex.App.-Houston [1st Dist.] 2007, no pet.). It follows that, if a trial court determines that an appeal is frivolous, the court has necessarily determined that each of the issues identified in the statement of points is frivolous; that is, that they lack a substantial basis in law or

fact. *See In re S.T.*, No. 10–07–00306–CV, 2008 WL 2210071, at *8, 263 S.W.3d 394, 403–04 (Tex.App.-Waco May 28, 2008, no pet. h.).

■ Here, Lumpkin and Herrera identified three appellate issues in their statements of points. In their first two issues, Lumpkin and Herrera generally averred that the evidence supporting the terminations was legally insufficient. Pursuant to section 263.405(i), "a claim [in a statement of points] that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal." Tex. Fam.Code Ann. § 263.405(i); *see In re J.W.H.*, 222 S.W.3d 661, 662 (Tex.App.-Waco 2007, no pet.) (discussing specificity requirement). Thus, the trial court correctly found that the first two issues were "frivolous."

■ In their third issue, Lumpkin and Herrera raised a specific legal and factual sufficiency challenge to the evidence supporting the termination of Lumpkin's and Herrera's parental rights. With respect to the statutory bases of the terminations, the trial court's judgments reflect that the jury found, by clear and convincing evidence, that (1) Lumpkin and Herrera had knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children and (2) that Lumpkin and Herrera had engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the child. *See* Tex.

---

4. We recognize that this Court recently held, in *Bermea v. Texas* [sic] *Department of Family and Protective Services,* that there is an exception to this rule: a person whose parental rights have been terminated may raise for the first time on appeal a claim of ineffective assistance for counsel's failure to file a statement of points for appeal. No. 01–07–00699–CV, 2008 WL 920591 at *8, 265 S.W.3d 34, ——— (Tex.App.-Houston [1st Dist.] Apr. 3, 2008, no pet. h.).

Fam.Code Ann. § 161.001(1)(D),(E) (Vernon Supp.2007).

The question that we answer, considering the heightened clear and convincing burden of proof in termination cases, is whether the trial court abused its discretion by determining that the evidence is such that a factfinder could have reasonably formed a firm belief or conviction that its findings were true. *See In re K.D.*, 202 S.W.3d 860, 868 (Tex.App.-Fort Worth 2006, no pet.). With this standard in mind, we turn to Lumpkin's and Herrera's specific contentions and to the evidence presented.

In support of their third issue, Lumpkin and Herrera asserted that the evidence was legally and factually insufficient to support termination because the Department of Family and Protective Services ("DFPS") investigative caseworker testified that there was no evidence of actual abuse or neglect of the children; rather, she testified that there was only a risk of abuse or of neglect at the time the children were removed from the family's home.

A review of the record shows the investigative caseworker testified that, after DFPS received a referral regarding the children, she visited appellants' home. She found the home to be dirty and partially without electricity, the refrigerator not working properly, and the home without gas. Lumpkin also tested positive for, and admitted to, marijuana usage. The caseworker also noted that the family had a history of referrals. The caseworker testified that, although the children did not appear to be neglected or abused, she believed, given the circumstances, the children were at risk for abuse and neglect, which precipitated their removal. In the trial court, appellants argued that, without evidence of actual abuse or neglect, evidence of a risk of abuse is not sufficient to support an endangerment finding.

The Supreme Court of Texas has made clear that, although "endanger" means "more than a threat of metaphysical injury or the possible ill effects of a less-than-ideal family environment, it is not necessary that the conduct be directed at the child *or that the child actually suffers injury.*" *See Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex.1987) (emphasis added). Conduct that subjects a child to a life of uncertainty and instability also endangers the child's physical and emotional well-being. *In re E.L.R.*, No. 2–05–329–CV, 2007 WL 1018662, at *3 (Tex. App.-Fort Worth Apr.5, 2007, no pet.) (mem.op.) (citing *In re S.D.*, 980 S.W.2d 758, 763 (Tex.App.-San Antonio 1998, pet. denied)). For example, a parent's criminal history and illegal drug usage have been held to be a sufficient basis to establish environmental endangerment and course of conduct endangerment. *See, e.g., In re K.W.*, No. 02–06–461–CV, 2008 WL 553705 at *7 (Tex.App.-Fort Worth Feb.28, 2008, no pet.) (mem.op.); *In re T.J.*, No. 02–05–353–CV, 2006 WL 820518, at *6 (Tex.App.-Fort Worth Mar.30, 2006, no pet.) (mem. op.). We note that endangerment can be exhibited by both actions and failures to act. *In re U.P.*, 105 S.W.3d 222, 233 (Tex. App.-Houston [14th Dist.] 2003, pet. denied).

Here, in addition to the caseworker's testimony regarding the condition of the family's home and Lumpkin's admitted illegal drug usage, evidence was also presented that (1) Herrera had three felony convictions for cocaine possession; (2) Herrera, on at least one occasion, had threatened suicide while intoxicated, (3) Herrera allowed the children to play outside unsupervised while she slept, (4) family members found that appellants had, at times, insufficient food to feed the children; (5) family members would find the children wearing dirty clothes when they

visited appellants' home; (6) appellants frequently asked family members to care for the children for extended periods of time; and (7) appellants demonstrated an inability to maintain stable housing or employment.

Given the evidence, the trial court could have properly determined that Lumpkin's and Herrera's legal and factual sufficiency issues lacked a substantial basis in law or in fact. More specifically, the trial court could have properly concluded that the evidence is such that the jury could have reasonably formed a firm belief or conviction that its findings were true. Thus, we hold that the trial court did not abuse its discretion when it found Lumpkin's and Herrera's legal and factual sufficiency issues, and hence the appeals, to be frivolous.

### Conclusion

We affirm the judgments of the trial.