Opinion issued January 29, 2009














In The
Court of Appeals
For The
First District of Texas




NO. 01-07-01034-CV




ANGIE ABBOTT, Appellant

V.

DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee




On Appeal from the 315th District Court
Harris County, Texas
Trial Court Cause No. 2006-04169J




MEMORANDUM OPINION
          Appellant Angie Abbott is attempting to appeal the termination of her parental
rights to her daughter “Jane.” See Tex. R. App. P. 9.8 (requiring alias name for child
in parental-rights termination cases). The district court determined, based on
Abbott’s statement of points, that the appeal was frivolous. See Tex. Fam. Code
Ann. § 263.405(d) (Vernon 2008) (requiring trial court to determine whether appeal
is frivolous). Abbott’s appointed appellate lawyer has filed an Anders brief in which
he states that he has examined the record and concluded that no arguable grounds
exist to support reversing the decree of termination. See Anders v. California, 386
U.S. 738, 739–40, 87 S. Ct. 1396, 1397–98 (1967).
           If a trial court makes a frivolousness finding, the aggrieved parent can appeal,
but the appeal is initially limited to appealing the court’s finding that the appeal is
frivolous. See Tex. Fam. Code Ann. § 263.405(g) (Vernon 2008); Lumpkin v. Dep’t
of Family & Protective Servs., 260 S.W.3d 524, 526 (Tex. App.—Houston [1st Dist.]
2008, no pet.). The only trial-court ruling before us is the finding that the appeal is
frivolous, not the final termination order, so we cannot reach the substantive merits
of the appeal until we dispose of the appeal of the frivolousness finding. See
generally Lumpkin, 260 S.W.3d at 526.
          We review a trial court’s frivolousness finding under an abuse-of-discretion
standard. Id. at 526. Applying that standard, we decide whether the trial court acted
without reference to any guiding rules or principles—in other words, we must decide
whether the act was arbitrary or unreasonable. Id. at 527 (citing Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985)).
          Family Code section 263.405(d)(3) directs the trial court to determine whether
an appeal from a final termination order is frivolous “as provided by section
13.003(b), Civil Practice and Remedies Code.” Tex. Fam. Code Ann.
§ 263.405(d)(3) (Vernon 2008). Section 13.003(b) provides that, “[i]n determining
whether an appeal is frivolous, a judge may consider whether the appellant has
presented a substantial question for appellate review.” Tex. Civ. Prac. & Rem. Code
Ann. § 13.003(b) (Vernon 2002). For analysis purposes, an appeal is frivolous when
it lacks an arguable basis either in law or in fact. Lumpkin, 260 S.W.3d at 527. 
          An appeal of a final termination order is limited to the issues presented in the
statement of points. See Tex. Fam. Code Ann. § 263.405(i) (Vernon 2008);
Lumpkin, 260 S.W.3d at 527. It follows that, if a trial court determines that an appeal
is frivolous, the court has necessarily determined that each of the issues identified in
the statement of points is frivolous; that is, that they lack a substantial basis in law or
fact. Lumpkin, 260 S.W.3d at 527.
          Abbott’s statement of appellate points contained three issues: (1) the evidence
is legally and factually insufficient to support the trial court’s finding that Abbott has
a mental or emotional deficiency that renders her unable to provide for the physical,
emotional, and mental needs of her child; (2) there is no evidence to support the
court’s finding that termination of Abbott’s parental rights is in the best interest of the
child; and (3) there is legally and factually insufficient evidence to support the court’s
finding that termination of Abbott’s parental rights is in the best interest of the child. 
When reviewing whether a sufficiency-of-the-evidence issue is frivolous in a
termination case (and considering the heightened clear-and-convincing burden of
proof), we must decide whether the trial court abused its discretion by determining
that the evidence is such that a factfinder could have reasonably formed a firm belief
or conviction that its findings were true. Id. at 528.
          In his Anders brief, Abbott’s appellate lawyer concludes there are no arguable
grounds he can advance on Abbott’s behalf. This Court has previously determined
that it is appropriate to file an Anders brief in a termination-of-parental-rights case. 
See In re K.D., 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). 
Although the Anders brief in this case does not specifically conclude that the
sufficiency issues are frivolous under Family Code section 263.405(d), the brief
meets the requirements of Anders by presenting a professional evaluation of the
record and demonstrating why there are no arguable grounds for an appeal.


 Because
the point of filing an Anders brief is to balance the lawyer’s duty to zealously
represent the client against the ethical duty not to bring a frivolous appeal, we
construe the Anders brief as a conclusion by Abbott’s appellate lawyer that an appeal
based on the sufficiency of the evidence would be frivolous. See id. 
          Based on a review of the record and the Anders brief, we hold that the trial
court did not abuse its discretion when it found Abbott’s legal and factual sufficiency
issues, and hence the appeal, to be frivolous. We therefore affirm the trial court’s
order finding that the appeal is frivolous.
 
 

                                                             Jim Sharp
                                                             Justice

Panel consists of Justices Taft, Bland, and Sharp.