TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00560-CV






Crashandra Lavonne Washington, Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 395TH JUDICIAL DISTRICT

NO. 04-1896-F395, HONORABLE MICHAEL JERGINS, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 This is an accelerated appeal from an order terminating the parental rights of
Crashandra Lavonne Washington to her children, J.N.W. and M.V.B. After a jury trial in which the
jury found by clear and convincing evidence that Washington engaged in conduct endangering the
children and that termination was in the children's best interest, Washington filed a statement of
points on appeal with the trial court. The trial court held a hearing pursuant to section 263.405 of
the family code. See Tex. Fam. Code Ann. § 263.405 (West 2008) (procedure for appealing final
order); see id. § 263.405(d) (trial court required to hold a hearing to determine whether appeal is
frivolous and whether a party's claim of indigence should be sustained). The trial court found that
Washington was indigent and, after considering her statement of points on appeal, that her appeal
was frivolous. See id. § 263.405(i) (appeal of termination order limited to issues presented in
statement of points on appeal). 

 An appeal is frivolous when it lacks an arguable basis in law or in fact. See id.
§ 263.405(d)(3) (appeal is frivolous as provided by section 13.003(b) of civil practice and remedies
code); In re K.D., 202 S.W.3d 860, 865-66 (Tex. App.--Fort Worth 2006, no pet.). When a trial
court makes a frivolousness finding, an aggrieved parent's appeal is initially limited to appealing the
trial court's finding that the appeal is frivolous. See Tex. Fam. Code Ann. § 263.405(g); Lumpkin
v. Department of Family & Protective Servs., 260 S.W.3d 524, 526 (Tex. App.--Houston [1st Dist.]
2008, no pet.); In re K.D., 202 S.W.3d at 865. We review a trial court's frivolousness finding under
an abuse of discretion standard. Lumpkin, 260 S.W.3d at 526-27. A trial court abuses its discretion
when it acts without reference to any guiding rules or principles. Id. (citing Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)). In undertaking our review, we limit our
review to the parent's statement of points on appeal and the record from the hearing held pursuant
to section 263.405(d) of the family code. See Tex. Fam. Code Ann. § 263.405(d), (g), (i). 

 Washington's court-appointed attorney has filed an Anders brief in which he states
that he performed a "diligent review of the record and applicable authorities," finds an absence of
meritorious grounds for appeal, and submits "the basis of any appeal in this case would be frivolous
in nature." See Anders v. California, 386 U.S. 738, 744 (1967); Taylor v. Texas Dep't of Protective
& Regulatory Servs., 160 S.W.3d 641, 646-47 (Tex. App.--Austin 2005, pet. denied) (applying
Anders procedure in appeal from termination of parental rights); In re K.D., 127 S.W.3d 66, 67 (Tex.
App.--Houston [1st Dist.] 2003, no pet.) (same). The brief filed by Washington's attorney meets
the requirements of Anders by presenting a professional evaluation of the record and demonstrating
that there are no arguable grounds for appeal. See Anders, 386 U.S. at 744. The record reflects that
Washington's attorney has served a copy of the Anders brief on Washington and has informed her
of her right to file a pro se brief. Washington has not filed a pro se brief.

 The Texas Department of Family and Protective Services filed a response to the
Anders brief. The Department states that, "[a]fter conducting a careful and independent review
of the record," the Department agrees that the appeal is frivolous and without merit. The
court-appointed ad litem for the children subject to this suit also filed a response, concurring with
the other parties' assessment that the appeal is frivolous and without merit.

 We have reviewed the record and the parties' briefs, and we have found nothing that
would arguably support an appeal. Accordingly, we conclude that the trial court acted within its
discretion in finding that the appeal is frivolous and affirm the trial court's order terminating
Washington's parental rights to J.N.W. and M.V.B. (1) 

 


 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: June 11, 2010
1. We grant Washington's attorney's motion to withdraw. We order Washington's attorney
to notify Washington of the disposition of this appeal and the availability of discretionary review to
the Texas Supreme Court. See In re K.D., 127 S.W.3d 66, 68 n.3 (Tex. App.--Houston [1st Dist.]
2003, no pet.).