TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00672-CV






N.S., Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT

NO. 2008-1412-A, HONORABLE WILLIAM HENRY, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant N.S. (1) appeals from the trial court's ruling that her appeal of that court's
order terminating her parental rights to her two children is frivolous. After the trial court signed the
termination order, N.S. filed a motion for a new trial and a motion for a free appellate record and
appointment of appellate counsel, the latter motion including a statement of points on appeal as
required by statute. See Tex. Fam. Code Ann. § 263.405(b), (b-1) (West 2008). Pursuant to the
family code, the trial court held a post-trial hearing on N.S.'s motions. See id. § 263.405(d). 
Following the hearing, the trial court signed an order denying N.S.'s motion for a new trial and
finding that N.S. was indigent and entitled to a court-appointed attorney on appeal, but that her
appeal was frivolous and therefore she was not entitled to a free reporter's record of the trial. On
appeal to this Court, N.S. argues that her points on appeal challenging the two statutory grounds for
terminating her parental rights are not frivolous. N.S. does not challenge the findings relating to the
best interest of the children. See id. § 161.001 (West Supp. 2009) (requiring one statutory ground
and finding of best interest to involuntarily terminate parental rights). (2)


BACKGROUND

 The Texas Department of Family and Protective Services ("the Department") filed
a petition to terminate N.S.'s parental rights to her two children. (3) After court-ordered mediation,
N.S. entered into a settlement agreement dictating the terms under which she could retain custody
of her children. Among the terms of the mediated settlement agreement were stipulations that
violation of the agreement would constitute statutory grounds for termination under the family code,
see id. § 161.001(1)(O), and that N.S. would sign an affidavit voluntarily relinquishing her parental
rights within five months of the date of the settlement agreement if she failed to comply with the
terms of the agreement. See id. § 161.001(1)(K), § 161.103 (West 2008). (4)

 The parties presented the settlement agreement to the trial court several days after it
was signed. At that time, the trial court indicated that the agreement would only be approved if N.S.
completed an affidavit of relinquishment in advance, to be held in trust by the attorney for the
Department and used only upon a breach of the settlement agreement. Accordingly, N.S. executed
an affidavit of relinquishment three days after the date of the settlement agreement and turned it over
to the Department.

 According to the Department, N.S. failed to comply with numerous provisions of the
settlement agreement in the months following its execution, including failing to attend required
meetings for her aftercare program, which included Narcotics Anonymous meetings, failing to obtain
stable employment, and failing to obtain stable housing. On September 25, 2009, trial was held on
the Department's petition to terminate N.S.'s parental rights. According to the trial court's
recollections at the post-trial hearing, N.S. arrived at trial "in a state of the most extreme influence
of some kind, either drug or alcohol." The trial court explained that N.S., who had a history of
prescription-drug abuse, appeared unsteady on her feet. In addition, her speech was slurred and
slow, her eyes were red, and, during her testimony, she fell out of the witness stand. When
questioned during her testimony by the trial court, N.S. admitted that she had taken medication, and
upon the request of the trial court, she retrieved the medication bottle she had brought with her. The
bottle indicated a prescription for Vicodin. The prescription had been filled three days before trial,
and nine of the original 90 prescribed pills remained in the bottle at the time of N.S.'s testimony.

 While N.S. was on the stand, the affidavit of relinquishment she had signed was
admitted into evidence. At the conclusion of trial, the trial court entered judgment terminating N.S.'s
parental rights to her two children, based on the statutory grounds of execution of an affidavit of
relinquishment of parental rights, see id. § 161.001(1)(K), and failure to comply with the provisions
of a court order that specifically established the actions necessary for the parent to obtain the return
of her children. See id. § 161.001(1)(O). N.S. filed a motion for a new trial and a motion requesting
a free record on appeal and appointment of appellate counsel, and included a statement of points on
appeal. See id. § 263.405(b)(2). After a hearing on the motions, the court entered an order finding
N.S.'s points to be frivolous and denying her a free appellate record, and this appeal followed. See
id. § 263.405(g) (allowing parent to appeal finding of frivolousness of appeal).


STANDARD OF REVIEW

 We review a trial court's determination that an appeal is frivolous under an abuse of
discretion standard. In re M.N.V., 216 S.W.3d 833, 834 (Tex. App.--San Antonio, no pet.). Under
this standard, we decide whether the trial court acted without reference to guiding rules and
principles or if the act complained of is arbitrary and unreasonable. Lumpkin v. Texas Dep't of
Family & Protective Servs., 260 S.W.3d 524, 527 (Tex. App.--Houston [1st Dist.] 2008, no pet.).

 

DISCUSSION

 Our review is limited to analysis of the trial court's finding that N.S.'s statement of
points presented no substantial question for appellate review, rendering her appeal frivolous. The
family code directs the trial court to determine whether an appeal from a termination order is
frivolous as provided by section 13.003(b) of the civil practices and remedies code, which in turn
provides that, "[i]n determining whether an appeal is frivolous, a judge may consider whether the
appellant has presented a substantial question for appellate review." See Tex. Fam Code Ann.
§ 263.405(d)(3) (citing Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b) (West 2002)); Lumpkin,
260 S.W.3d at 527. An appeal is frivolous when it lacks an arguable basis either in law or in fact. 
Lumpkin, 260 S.W.3d at 527.

 N.S. argues that the trial court erred in finding that her points on appeal challenging
the statutory grounds for termination of her parental rights are frivolous. The first ground listed in
the trial court's order, codified under subsection (K) of section 161.001(1) of the family code, applies
when there is clear and convincing evidence that the parent "executed before or after the suit is filed
an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by this
chapter." Tex. Fam. Code Ann. §§ 161.001(1)(K), .103 (listing requirements for affidavit of
relinquishment). While N.S. does not dispute that she signed an affidavit of relinquishment that on
its face complied with the requirements of the family code, she argues that the affidavit she signed
was invalid because it was not signed voluntarily.

 An involuntarily executed affidavit is a complete defense to a termination decree. 
Vela v. Marywood, 17 S.W.3d 750, 759 (Tex. App.--Austin 2000, pet. denied). Because an affidavit
of relinquishment waives a constitutional right, it must be made voluntarily, knowingly, intelligently,
and with full awareness of its legal consequences. Id. The proponent of the affidavit has the burden
to establish by clear and convincing evidence that the affidavit was executed according to the terms
of section 161.103 of the family code. Tex. Fam. Code Ann. § 161.103; Vela, 17 S.W.3d at 758. 
Once the proponent has met that burden, the burden then shifts to the affiant to establish by a
preponderance of the evidence that the affidavit was executed as a result of fraud, duress, or
coercion. Monroe v. Alternatives in Motion, 234 S.W.3d 56, 62 (Tex. App.--Houston [1st Dist.]
2007, no pet.); Vela, 17 S.W.3d at 758; see also Tex. Fam. Code Ann. § 161.211(c) (West 2008)
(stating that attack of termination order "based on an unrevoked affidavit of relinquishment of
parental rights . . . is limited to issues relating to fraud, duress, or coercion in the execution of
the affidavit").

 Here, N.S. argues that she did not execute the affidavit voluntarily. However, she
points to no evidence that might lead to the conclusion that her execution of the affidavit resulted
from fraud, duress, or coercion. According to counsel for the Department, no evidence was
presented at trial to challenge the voluntariness of the affidavit, either when the affidavit was
admitted into evidence--while N.S. was on the stand--or at any other point during the proceeding. 
While N.S.'s trial counsel indicated that he made "a number of objections," (5) such objections do not
constitute evidence, and trial counsel did not challenge the Department's assertion that "[t]here
certainly was no evidence presented" that the affidavit was not voluntarily executed. Indeed, N.S.'s
trial counsel admitted that he was "[n]ot arguing that . . . my client didn't understand what she was
doing" when she signed the affidavit. He explained that "[t]here's no question, she signed the
affidavit, she knew exactly what it was," and stated, "I absolutely don't believe she was coerced into
signing this." (6) Further, N.S. bases her appellate argument on the fact that the settlement agreement,
which called for the signing of the relinquishment affidavit, was invalid or void. Such evidence,
even if presented at trial, does not indicate that N.S. did not understand the nature or terms of the
relinquishment affidavit when she signed it, or that the decision to sign the affidavit was influenced
by fraud, duress, or coercion.

 As the briefs and record of the post-trial hearing provide no indication that N.S.
proved by a preponderance of the evidence at trial that the relinquishment affidavit was executed as
a result of fraud, duress, or coercion, (7) she has failed to raise a substantial appellate issue regarding
the voluntariness of the affidavit. Accordingly, we conclude that the trial court did not abuse its
discretion in determining that N.S.'s challenge to statutory ground (K) was frivolous. See Tex. Fam.
Code Ann. § 161.001(1)(K). Further, as N.S. appeals only on statutory grounds, and as only one
statutory ground is required to support an order of termination, see id. § 161.001(1), we need not
address N.S.'s remaining arguments. See In re A.V., 113 S.W.3d 355, 362 (Tex. 2003) (declining
to address additional statutory grounds after one ground has been upheld); see also In re J.J.S.,
272 S.W.3d 74, 80 (Tex. App.--Waco 2008, pet. filed) (applying same approach in appeal of
frivolousness determination); In re M.N.D.L.Z., No. 04-09-00389-CV, 2010 Tex. App. LEXIS 2265,
at *6-7 (Tex. App.--San Antonio Mar. 31, 2010, no pet.) (mem. op.) (same).


CONCLUSION

 We affirm the judgment of the trial court that N.S.'s appeal is frivolous and that she
is not entitled to a free appellate record.

__________________________________________

 Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: June 18, 2010

 
1. In appeals from cases involving the termination of parental rights, the rules of appellate
procedure require the use of an alias to refer to a minor, "and if necessary to protect the minor's
identity, to the minor's parent or other family member." Tex. R. App. P. 9.8.
2. N.S. included additional appellate issues in her statement of points presented to the trial
court, arguing that the evidence supporting the best-interest finding was insufficient, that the trial
court erred in failing to appoint N.S. managing conservator of the children, and that the trial court
"abused its discretion by acting as an advocate instead of an impartial trier of fact." N.S., however,
does not raise these issues on appeal, and consequently we do not address them here. See Frank R.
v. Texas Dep't of Family & Protective Servs., No. 03-09-00436-CV, 2010 Tex. App. LEXIS 2763,
at *5 (Tex. App.--Austin Apr. 13, 2010, no pet.) (mem. op.) (noting that additional points had been
raised in statement of points, including sufficiency of evidence of statutory grounds and best-interest
finding, but addressing only those points argued on appeal to appellate court).
3. The Department also petitioned for termination of the father's rights. The father is not a
party to this appeal.
4. The facts recited herein are from the transcript of the hearing held post-trial to determine
whether the appeal was frivolous and the accompanying clerk's record.
5. Counsel for the Department disputed this version of events, stating that N.S.'s trial counsel
made only one objection when the affidavit was admitted, on the basis that the witnesses to its
execution had not been disinterested. Under the family code, witnesses to the signing of an affidavit
of relinquishment must only be "credible," not disinterested. Tex. Fam. Code. Ann. § 161.103(a)(2)
(West 2008).
6. It is unclear from the record whether counsel's comment regarding coercion refers to the
affidavit of relinquishment or to the mediated settlement agreement. 
7. A plurality of the Texas Supreme Court has opined that shifting the burden to the parent
to prove fraud, duress, or coercion by a preponderance of the evidence is incorrect, preferring a
formulation under which the petitioner is required to prove by clear and convincing evidence that
the affidavit was executed voluntarily. See In re L.M.I., 119 S.W.3d 707, 720 (Tex. 2003) (Owen,
J., concurring and dissenting). Even under this formulation, however, the parent must produce some
evidence that the affidavit was not voluntarily executed. See id. (noting that while ultimate burden
of proof rests with petitioner, parent challenging affidavit must still produce "some evidence" to
challenge voluntariness of affidavit). But see id. at 716 (Wainwright, J., concurring) ("[P]lacing the
burden on the parents to set aside the affidavit may run afoul of constitutional and statutory mandates
for the burden of proof and quantum of evidence necessary to terminate parental rights.").
Accordingly, even under the more lenient standard set forth by the L.M.I. plurality, there is no
indication that N.S. produced the evidence required to challenge the voluntariness of the affidavit.