# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-09-00672-CV

N.S., Appellant

v.

Texas Department of Family and Protective Services, Appellee

FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NO. 2008-1412-A, HONORABLE WILLIAM HENRY, JUDGE PRESIDING

MEMORANDUM OPINION

Appellant N.S.[1] appeals from the trial court's ruling that her appeal of that court's order terminating her parental rights to her two children is frivolous. After the trial court signed the termination order, N.S. filed a motion for a new trial and a motion for a free appellate record and appointment of appellate counsel, the latter motion including a statement of points on appeal as required by statute. *See* Tex. Fam. Code Ann. § 263.405(b), (b-1) (West 2008). Pursuant to the family code, the trial court held a post-trial hearing on N.S.'s motions. *See id.* § 263.405(d). Following the hearing, the trial court signed an order denying N.S.'s motion for a new trial and finding that N.S. was indigent and entitled to a court-appointed attorney on appeal, but that her appeal was frivolous and therefore she was not entitled to a free reporter's record of the trial. On

---

[1] In appeals from cases involving the termination of parental rights, the rules of appellate procedure require the use of an alias to refer to a minor, "and if necessary to protect the minor's identity, to the minor's parent or other family member." Tex. R. App. P. 9.8.

appeal to this Court, N.S. argues that her points on appeal challenging the two statutory grounds for terminating her parental rights are not frivolous. N.S. does not challenge the findings relating to the best interest of the children. *See id.* § 161.001 (West Supp. 2009) (requiring one statutory ground and finding of best interest to involuntarily terminate parental rights).[2]

## BACKGROUND

The Texas Department of Family and Protective Services ("the Department") filed a petition to terminate N.S.'s parental rights to her two children.[3] After court-ordered mediation, N.S. entered into a settlement agreement dictating the terms under which she could retain custody of her children. Among the terms of the mediated settlement agreement were stipulations that violation of the agreement would constitute statutory grounds for termination under the family code, *see id.* § 161.001(1)(O), and that N.S. would sign an affidavit voluntarily relinquishing her parental rights within five months of the date of the settlement agreement if she failed to comply with the terms of the agreement. *See id.* § 161.001(1)(K), § 161.103 (West 2008).[4]

---

[2] N.S. included additional appellate issues in her statement of points presented to the trial court, arguing that the evidence supporting the best-interest finding was insufficient, that the trial court erred in failing to appoint N.S. managing conservator of the children, and that the trial court "abused its discretion by acting as an advocate instead of an impartial trier of fact." N.S., however, does not raise these issues on appeal, and consequently we do not address them here. *See Frank R. v. Texas Dep't of Family & Protective Servs.*, No. 03-09-00436-CV, 2010 Tex. App. LEXIS 2763, at *5 (Tex. App.—Austin Apr. 13, 2010, no pet.) (mem. op.) (noting that additional points had been raised in statement of points, including sufficiency of evidence of statutory grounds and best-interest finding, but addressing only those points argued on appeal to appellate court).

[3] The Department also petitioned for termination of the father's rights. The father is not a party to this appeal.

[4] The facts recited herein are from the transcript of the hearing held post-trial to determine whether the appeal was frivolous and the accompanying clerk's record.

The parties presented the settlement agreement to the trial court several days after it was signed. At that time, the trial court indicated that the agreement would only be approved if N.S. completed an affidavit of relinquishment in advance, to be held in trust by the attorney for the Department and used only upon a breach of the settlement agreement. Accordingly, N.S. executed an affidavit of relinquishment three days after the date of the settlement agreement and turned it over to the Department.

According to the Department, N.S. failed to comply with numerous provisions of the settlement agreement in the months following its execution, including failing to attend required meetings for her aftercare program, which included Narcotics Anonymous meetings, failing to obtain stable employment, and failing to obtain stable housing. On September 25, 2009, trial was held on the Department's petition to terminate N.S.'s parental rights. According to the trial court's recollections at the post-trial hearing, N.S. arrived at trial "in a state of the most extreme influence of some kind, either drug or alcohol." The trial court explained that N.S., who had a history of prescription-drug abuse, appeared unsteady on her feet. In addition, her speech was slurred and slow, her eyes were red, and, during her testimony, she fell out of the witness stand. When questioned during her testimony by the trial court, N.S. admitted that she had taken medication, and upon the request of the trial court, she retrieved the medication bottle she had brought with her. The bottle indicated a prescription for Vicodin. The prescription had been filled three days before trial, and nine of the original 90 prescribed pills remained in the bottle at the time of N.S.'s testimony.

While N.S. was on the stand, the affidavit of relinquishment she had signed was admitted into evidence. At the conclusion of trial, the trial court entered judgment terminating N.S.'s

3

parental rights to her two children, based on the statutory grounds of execution of an affidavit of relinquishment of parental rights, *see id.* § 161.001(1)(K), and failure to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of her children. *See id.* § 161.001(1)(O). N.S. filed a motion for a new trial and a motion requesting a free record on appeal and appointment of appellate counsel, and included a statement of points on appeal. *See id.* § 263.405(b)(2). After a hearing on the motions, the court entered an order finding N.S.'s points to be frivolous and denying her a free appellate record, and this appeal followed. *See id.* § 263.405(g) (allowing parent to appeal finding of frivolousness of appeal).

## STANDARD OF REVIEW

We review a trial court's determination that an appeal is frivolous under an abuse of discretion standard. *In re M.N.V.*, 216 S.W.3d 833, 834 (Tex. App.—San Antonio, no pet.). Under this standard, we decide whether the trial court acted without reference to guiding rules and principles or if the act complained of is arbitrary and unreasonable. *Lumpkin v. Texas Dep't of Family & Protective Servs.*, 260 S.W.3d 524, 527 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

## DISCUSSION

Our review is limited to analysis of the trial court's finding that N.S.'s statement of points presented no substantial question for appellate review, rendering her appeal frivolous. The family code directs the trial court to determine whether an appeal from a termination order is frivolous as provided by section 13.003(b) of the civil practices and remedies code, which in turn provides that, "[i]n determining whether an appeal is frivolous, a judge may consider whether the

4

appellant has presented a substantial question for appellate review." *See* Tex. Fam Code Ann. § 263.405(d)(3) (citing Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b) (West 2002)); *Lumpkin*, 260 S.W.3d at 527. An appeal is frivolous when it lacks an arguable basis either in law or in fact. *Lumpkin*, 260 S.W.3d at 527.

N.S. argues that the trial court erred in finding that her points on appeal challenging the statutory grounds for termination of her parental rights are frivolous. The first ground listed in the trial court's order, codified under subsection (K) of section 161.001(1) of the family code, applies when there is clear and convincing evidence that the parent "executed before or after the suit is filed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by this chapter." Tex. Fam. Code Ann. §§ 161.001(1)(K), .103 (listing requirements for affidavit of relinquishment). While N.S. does not dispute that she signed an affidavit of relinquishment that on its face complied with the requirements of the family code, she argues that the affidavit she signed was invalid because it was not signed voluntarily.

An involuntarily executed affidavit is a complete defense to a termination decree. *Vela v. Marywood*, 17 S.W.3d 750, 759 (Tex. App.—Austin 2000, pet. denied). Because an affidavit of relinquishment waives a constitutional right, it must be made voluntarily, knowingly, intelligently, and with full awareness of its legal consequences. *Id.* The proponent of the affidavit has the burden to establish by clear and convincing evidence that the affidavit was executed according to the terms of section 161.103 of the family code. Tex. Fam. Code Ann. § 161.103; *Vela*, 17 S.W.3d at 758. Once the proponent has met that burden, the burden then shifts to the affiant to establish by a preponderance of the evidence that the affidavit was executed as a result of fraud, duress, or

5

coercion. *Monroe v. Alternatives in Motion*, 234 S.W.3d 56, 62 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Vela*, 17 S.W.3d at 758; *see also* Tex. Fam. Code Ann. § 161.211(c) (West 2008) (stating that attack of termination order "based on an unrevoked affidavit of relinquishment of parental rights . . . is limited to issues relating to fraud, duress, or coercion in the execution of the affidavit").

Here, N.S. argues that she did not execute the affidavit voluntarily. However, she points to no evidence that might lead to the conclusion that her execution of the affidavit resulted from fraud, duress, or coercion. According to counsel for the Department, no evidence was presented at trial to challenge the voluntariness of the affidavit, either when the affidavit was admitted into evidence—while N.S. was on the stand—or at any other point during the proceeding. While N.S.'s trial counsel indicated that he made "a number of objections,"[5] such objections do not constitute evidence, and trial counsel did not challenge the Department's assertion that "[t]here certainly was no evidence presented" that the affidavit was not voluntarily executed. Indeed, N.S.'s trial counsel admitted that he was "[n]ot arguing that . . . my client didn't understand what she was doing" when she signed the affidavit. He explained that "[t]here's no question, she signed the affidavit, she knew exactly what it was," and stated, "I absolutely don't believe she was coerced into signing this."[6] Further, N.S. bases her appellate argument on the fact that the settlement agreement,

---

[5] Counsel for the Department disputed this version of events, stating that N.S.'s trial counsel made only one objection when the affidavit was admitted, on the basis that the witnesses to its execution had not been disinterested. Under the family code, witnesses to the signing of an affidavit of relinquishment must only be "credible," not disinterested. Tex. Fam. Code. Ann. § 161.103(a)(2) (West 2008).

[6] It is unclear from the record whether counsel's comment regarding coercion refers to the affidavit of relinquishment or to the mediated settlement agreement.

which called for the signing of the relinquishment affidavit, was invalid or void. Such evidence, even if presented at trial, does not indicate that N.S. did not understand the nature or terms of the relinquishment affidavit when she signed it, or that the decision to sign the affidavit was influenced by fraud, duress, or coercion.

As the briefs and record of the post-trial hearing provide no indication that N.S. proved by a preponderance of the evidence at trial that the relinquishment affidavit was executed as a result of fraud, duress, or coercion,[7] she has failed to raise a substantial appellate issue regarding the voluntariness of the affidavit. Accordingly, we conclude that the trial court did not abuse its discretion in determining that N.S.'s challenge to statutory ground (K) was frivolous. *See* Tex. Fam. Code Ann. § 161.001(1)(K). Further, as N.S. appeals only on statutory grounds, and as only one statutory ground is required to support an order of termination, *see id.* § 161.001(1), we need not address N.S.'s remaining arguments. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003) (declining to address additional statutory grounds after one ground has been upheld); *see also In re J.J.S.*, 272 S.W.3d 74, 80 (Tex. App.—Waco 2008, pet. filed) (applying same approach in appeal of

---

[7] A plurality of the Texas Supreme Court has opined that shifting the burden to the parent to prove fraud, duress, or coercion by a preponderance of the evidence is incorrect, preferring a formulation under which the petitioner is required to prove by clear and convincing evidence that the affidavit was executed voluntarily. *See In re L.M.I.*, 119 S.W.3d 707, 720 (Tex. 2003) (Owen, J., concurring and dissenting). Even under this formulation, however, the parent must produce *some* evidence that the affidavit was not voluntarily executed. *See id.* (noting that while ultimate burden of proof rests with petitioner, parent challenging affidavit must still produce "some evidence" to challenge voluntariness of affidavit). *But see id.* at 716 (Wainwright, J., concurring) ("[P]lacing the burden on the parents to set aside the affidavit may run afoul of constitutional and statutory mandates for the burden of proof and quantum of evidence necessary to terminate parental rights."). Accordingly, even under the more lenient standard set forth by the *L.M.I.* plurality, there is no indication that N.S. produced the evidence required to challenge the voluntariness of the affidavit.

frivolousness determination); *In re M.N.D.L.Z.*, No. 04-09-00389-CV, 2010 Tex. App. LEXIS 2265, at *6-7 (Tex. App.—San Antonio Mar. 31, 2010, no pet.) (mem. op.) (same).

## CONCLUSION

We affirm the judgment of the trial court that N.S.'s appeal is frivolous and that she is not entitled to a free appellate record.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   June 18, 2010