**Opinion filed January 27, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00351-CV

_____

## IN THE INTEREST OF A.L.J., A CHILD

**On Appeal from the 118th District Court**
**Howard County, Texas**
**Trial Court Cause No. 46,648**

## MEMORANDUM OPINION

The trial court terminated the parental rights of A.L.J.'s father. A.L.J.'s father filed an appeal. Upon motion by the Department of Family and Protective Services, the trial court held a hearing and found the appeal to be frivolous under TEX. FAM. CODE ANN. § 263.405(d) (Vernon 2008) and TEX. CIV. PRAC. & REM. CODE ANN. § 13.003 (Vernon Supp. 2010). A.L.J.'s father has timely appealed the frivolous finding. *See* Section 263.405(g). We affirm.

Because the trial court found that this appeal is frivolous under Section 263.405(d), appellate review at this stage is limited to a review of the trial court's exercise of its discretion in determining that the appeal is frivolous. *In re J.J.C.*, 302 S.W.3d 436, 442 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *In re A.B.*, 269 S.W.3d 120, 124 (Tex. App.—El Paso 2008, no pet.); *Lumpkin v. Dep't of Family & Protective Servs.*, 260 S.W.3d 524, 526-27 (Tex. App.— Houston [1st Dist.] 2008, no pet.); *In re K.D.*, 202 S.W.3d 860, 865 (Tex. App.—Fort Worth 2006, no pet.). An appeal is frivolous if it lacks an arguable basis in either fact or law. *In re J.J.C.*, 302 S.W.3d at 444; *Lumpkin*, 260 S.W.3d at 527.

Appellant asserts in this appeal that the trial court abused its discretion in finding the appeal frivolous because "no extraordinary circumstances existed to extend [this case] beyond the dismissal date of October 18, 2010." The trial court addressed this issue at the hearing and noted that it was the only point presented by appellant in his statement of points for appeal. TEX. FAM. CODE ANN. § 263.401(a) (Vernon 2008) provides that, unless trial has commenced or an extension has been granted, a case filed by the Department requesting termination of parental rights shall be dismissed "on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator." Section 263.401(b) authorizes a trial court to grant up to a 180-day extension if "the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child."

We hold that the trial court did not abuse its discretion in finding this appeal to be frivolous. First, the record from the Section 263.405(d) hearing indicates that the trial court had offered to hold a jury trial on October 11, 2010, within the one-year time frame, but that appellant's counsel had a conflict. The trial court then extended the dismissal date and set the case for trial in November. The jury trial terminating appellant's parental rights was held within one month after the original, one-year dismissal date. Second, Section 263.402(b) specifically provides: "A party to a suit under this chapter who fails to make a timely motion to dismiss the suit under this subchapter waives the right to object to the court's failure to dismiss the suit." Third, under Section 263.401(b), the reason for the extension need not be extraordinary, but the circumstances necessitating that the child remain in the care of the Department must be extraordinary.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE

January 27, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

2