Opinion filed May 27, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00002-CV

                                                    __________

 

                           IN
THE INTEREST OF N.C.G., A CHILD



 

                                   On
Appeal from the 35th District Court

 

                                                           Brown
County, Texas

 

                                               Trial
Court Cause No. CV 09-11-377

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            After
N.C.G.’s parents each executed an affidavit of relinquishment of parental
rights, the trial court entered an order terminating their parental rights.  Both
parents filed an appeal.  The trial court held a hearing and found the appeal to
be frivolous under Tex. Fam. Code Ann. § 263.405(d)
(Vernon 2008) and Tex. Civ. Prac. &
Rem. Code Ann. § 13.003 (Vernon 2002).   This is an appeal from the
frivolous finding.  See Section 263.405(g).  We affirm.  

            Because
the trial court found that this appeal is frivolous under Section 263.405(d),
appellate review at this stage is limited to a review of the trial court’s
exercise of its discretion in determining that the appeal is frivolous.  In
re J.J.C., 302 S.W.3d 436, 442 (Tex. App.—Houston [14th Dist.] 2009, pet.
denied); In re A.B., 269 S.W.3d 120, 124 (Tex. App.—El Paso 2008, no
pet.); Lumpkin v. Dep’t of Family & Protective Servs., 260 S.W.3d
524, 526-27 (Tex. App.—Houston [1st Dist.] 2008, no pet.); In re K.D.,
202 S.W.3d 860, 865 (Tex. App.—Fort Worth 2006, no pet.).  An appeal is
frivolous if it lacks an arguable basis in either fact or law.  In re J.J.C.,
302 S.W.3d at 444; Lumpkin, 260 S.W.3d at 527.  

            In
their sole issue on appeal, the parents contend that the trial court abused its
discretion in finding the appeal frivolous because their affidavits of
relinquishment were not entered into freely and voluntarily.  The trial court
addressed this issue at the hearing and found the appeal to be frivolous.  The
parents assert that they were under undue influence, that they were coerced,
and that they did not understand the ramifications of signing the affidavit of relinquishment.

            The
record shows that N.C.G.’s parents and their attorneys participated in
mediation and that each parent signed an irrevocable affidavit of
relinquishment pursuant to Tex. Fam.
Code Ann. § 161.103 (Vernon 2008) as a result of the mediated settlement
agreement.  At the post-trial hearing, N.C.G.’s father wavered between stating
that he was coerced and that he was confused.  He testified that he “felt
pressured” into signing the affidavit; that there was “no way [he] would sign
[his] son away, period”; that he knew what he was signing when he signed the
affidavit:  a document giving up his parental rights; and that he was not
really coerced into signing the affidavit, just confused.  N.C.G.’s mother
testified that she understood most of what she was signing but that she did not
fully understand what she was signing.  She also testified that she felt “pressured
and coerced by CPS.”

Once
an affidavit has been shown to comply with the requirements of Section 161.103,
the affidavit may be set aside only upon proof, by a preponderance of the
evidence, that the affidavit was executed as a result of fraud, duress, or
coercion.  In re D.E.H., 301 S.W.3d 825, 830 (Tex. App.­­­—Fort Worth
2009, pet. denied).  The evidence presented by the parents, which indicated
that they felt pressured and coerced, does not rise to the level of showing
fraud, duress, or coercion.  See id.  The parents’ assertions with
respect to the voluntary nature of their affidavits were conclusory.  Neither
parent offered evidence showing that any party or attorney acted
inappropriately, threatened the parents in any way, committed fraud, unduly
influenced the parents, or did anything to coerce the parents.  Furthermore,
the notary public testified at the hearing that, prior to notarizing the
affidavits, she asked both parents whether they understood what they were
signing and whether they were signing of their own free will.  N.C.G.’s parents
answered yes to each question, and N.C.G.’s mother cried.  Because the parents
failed to present any evidence that would rise to the level required to revoke
their irrevocable affidavits, we hold that the trial court did not abuse its
discretion in finding this appeal to be frivolous.  The parents’ issue on
appeal is overruled.  

The
order of the trial court is affirmed.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

May 27, 2011

Panel[1]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]

 









[1]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.