**Opinion filed May 27, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00002-CV

_____

## IN THE INTEREST OF N.C.G., A CHILD

---

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CV 09-11-377**

---

### MEMORANDUM OPINION

After N.C.G.'s parents each executed an affidavit of relinquishment of parental rights, the trial court entered an order terminating their parental rights. Both parents filed an appeal. The trial court held a hearing and found the appeal to be frivolous under TEX. FAM. CODE ANN. § 263.405(d) (Vernon 2008) and TEX. CIV. PRAC. & REM. CODE ANN. § 13.003 (Vernon 2002). This is an appeal from the frivolous finding. *See* Section 263.405(g). We affirm.

Because the trial court found that this appeal is frivolous under Section 263.405(d), appellate review at this stage is limited to a review of the trial court's exercise of its discretion in determining that the appeal is frivolous. *In re J.J.C.*, 302 S.W.3d 436, 442 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *In re A.B.*, 269 S.W.3d 120, 124 (Tex. App.—El Paso 2008, no pet.); *Lumpkin v. Dep't of Family & Protective Servs.*, 260 S.W.3d 524, 526-27 (Tex. App.— Houston [1st Dist.] 2008, no pet.); *In re K.D.*, 202 S.W.3d 860, 865 (Tex. App.—Fort Worth

2006, no pet.). An appeal is frivolous if it lacks an arguable basis in either fact or law. *In re J.J.C.*, 302 S.W.3d at 444; *Lumpkin*, 260 S.W.3d at 527.

In their sole issue on appeal, the parents contend that the trial court abused its discretion in finding the appeal frivolous because their affidavits of relinquishment were not entered into freely and voluntarily. The trial court addressed this issue at the hearing and found the appeal to be frivolous. The parents assert that they were under undue influence, that they were coerced, and that they did not understand the ramifications of signing the affidavit of relinquishment.

The record shows that N.C.G.'s parents and their attorneys participated in mediation and that each parent signed an irrevocable affidavit of relinquishment pursuant to TEX. FAM. CODE ANN. § 161.103 (Vernon 2008) as a result of the mediated settlement agreement. At the post-trial hearing, N.C.G.'s father wavered between stating that he was coerced and that he was confused. He testified that he "felt pressured" into signing the affidavit; that there was "no way [he] would sign [his] son away, period"; that he knew what he was signing when he signed the affidavit: a document giving up his parental rights; and that he was not really coerced into signing the affidavit, just confused. N.C.G.'s mother testified that she understood most of what she was signing but that she did not fully understand what she was signing. She also testified that she felt "pressured and coerced by CPS."

Once an affidavit has been shown to comply with the requirements of Section 161.103, the affidavit may be set aside only upon proof, by a preponderance of the evidence, that the affidavit was executed as a result of fraud, duress, or coercion. *In re D.E.H.*, 301 S.W.3d 825, 830 (Tex. App.—Fort Worth 2009, pet. denied). The evidence presented by the parents, which indicated that they felt pressured and coerced, does not rise to the level of showing fraud, duress, or coercion. *See id.* The parents' assertions with respect to the voluntary nature of their affidavits were conclusory. Neither parent offered evidence showing that any party or attorney acted inappropriately, threatened the parents in any way, committed fraud, unduly influenced the parents, or did anything to coerce the parents. Furthermore, the notary public testified at the hearing that, prior to notarizing the affidavits, she asked both parents whether they understood what they were signing and whether they were signing of their own free will. N.C.G.'s parents answered yes to each question, and N.C.G.'s mother cried. Because the parents failed to present any evidence that would rise to the level required to revoke their irrevocable affidavits, we hold that the trial court did not abuse its discretion in finding this appeal to be frivolous. The parents' issue on appeal is overruled.

The order of the trial court is affirmed.

JIM R. WRIGHT

CHIEF JUSTICE

May 27, 2011

Panel[1] consists of:  Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[1]Rick Strange, Justice, resigned effective April 17, 2011.  The justice position is vacant pending appointment of a successor by the governor.

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.