TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00325-CV






E. F., Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT

NO. 239,429-B, HONORABLE RICK MORRIS, JUDGE PRESIDING




O R D E R


PER CURIAM

 Appellant E.F. challenges the trial court's finding that her appeal of the order
terminating her parental rights to two children is frivolous. We will affirm the finding.

 Because the record in this case has been sealed by court order, and because our review
at this stage is limited to whether the trial court erred by finding the appeal frivolous, we will forego
a public discussion of the evidence underlying the decisions made by the jury and the trial court
at the trial. We have reviewed the record presented.

 Appellant did not appear at the trial in person, but was represented by counsel. After
hearing testimony and reviewing evidence, the jury unanimously found that appellant's parent-child
relationship with two children should be terminated. To make that finding under the trial court's
charge, the jury necessarily found by clear and convincing evidence (1) that, after this suit was filed,
appellant executed an unrevoked or irrevocable affidavit of relinquishment of parental rights, and
(2) that termination of the parent-child relationship with appellant would be in the children's best
interest. The trial court also imposed a permanent injunction against appellant, which included
elements limiting her contact with and proximity to her parents and her children.

 In her blended motion for new trial and statement of points on appeal, E.F. challenged
the legal and factual sufficiency of the evidence to support the following findings: (1) the jury's
finding that she knowingly or voluntarily executed an affidavit of relinquishment, arguing that she
signed it under coercion; (2) the jury's finding that termination of the parent-child relationship was
in the children's best interest, arguing that it was not; and (3) the trial court's imposition of a
permanent injunction against her, arguing that there were no pleadings, trial amendments, or jury
questions supporting the injunction. Appellant did not attend the hearing. Her attorney asserted that
she was in Travis County clearing up a traffic warrant. At the hearing, appellant's father testified
that she told him she did not attend the trial on the merits because she was afraid she would be
arrested for hot checks and tickets. Her father also testified that appellant signed the affidavits of
relinquishment "of her volition," that he never heard the State's attorney threaten her with arrest, and
that appellant had her affidavits notarized in the county attorney's office without being arrested.
Appellant's father requested that the injunction be modified to permit appellant to have supervised
visitation with the children when and where he and his wife agree to it.

 The trial court modified the injunction to permit appellant to have supervised
visits with the maternal grandparents' consent, but otherwise denied the motion for new trial. The
trial court also found the appeal frivolous, expressly stating that its decision was at least influenced
by appellant's failure to appear at either the trial or the hearing on the motion for new trial.

 Family Code section 263.405(d)(3) directs the trial court to determine whether an
appeal from a termination order is frivolous "as provided by section 13.003(b), Civil Practices
and Remedies Code." Tex. Fam. Code Ann. § 263.405(d)(3) (West 2008). Section 13.003(b)
provides that, "[i]n determining whether an appeal is frivolous, a judge may consider whether the
appellant has presented a substantial question for appellate review." Tex. Civ. Prac. & Rem. Code
Ann. § 13.003(b) (West 2002). An appeal is frivolous when it lacks an arguable basis either in
law or in fact. See Lumpkin v. Department of Family & Protective Servs., 260 S.W.3d 524, 527
(Tex. App.--Houston [1st Dist.] 2008, no pet.). A trial court's determination that an appeal is
frivolous means that the parent whose rights were terminated is not entitled to obtain a free record
on appeal. In re M.R.J.M., 193 S.W.3d 670, 671-72 (Tex. App.--Fort Worth 2006, no pet.). An
indigent parent whose appeal is found frivolous may challenge the frivolousness finding and get a
record of the frivolousness hearing without advance payment of costs for that record. Tex. Fam.
Code Ann. § 263.405(g). 

 We review a trial court's finding that an appeal is frivolous under an abuse
of discretion standard. Lumpkin, 260 S.W.3d at 526; In re M.N.V., 216 S.W.3d 833, 834
(Tex. App.--San Antonio 2006, no pet.). We must determine whether the trial court acted without
reference to any guiding rules or principles or was arbitrary or unreasonable. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

 An appeal of a termination order is limited to the issues presented in the statement
of points on appeal. See Tex. Fam. Code Ann. § 263.405(i); Lumpkin, 260 S.W.3d at 527. If a
trial court determines that an appeal is frivolous, the court has necessarily determined that each of
the issues identified in the statement of points lacks a substantial basis in law or fact. See In re S.T.,
263 S.W.3d 394, 404 (Tex. App.--Waco 2008, no pet. h.).

 Appellant's sole issue in her initial brief regarding the frivolousness finding is that
the trial court abused its discretion by finding her appeal frivolous. She focuses on the trial court's
statements regarding the effect of her failure to appear and contends that she raised an arguable issue
regarding the sufficiency of the evidence to support the judgment, as well as the inclusion of
injunctive relief that was not requested in writing. She contends that her father's testimony at the
hearing in which he requested that the injunction be modified to permit her continued contact with
the children provided new evidence that warranted a new trial or at least raised an arguable question
of fact rendering her appeal not frivolous.

 Appellant's reliance on the court's statements connecting her absence from
the proceedings in the trial court and the finding of frivolousness is misplaced. Regardless of
what the trial court said at the hearing about the basis for its decision, we must review the text
of the trial court's written order. Richardson v. Johnson & Higgins, Inc., 905 S.W.2d 9, 11-12
(Tex. App.--Houston [1st Dist.] 1995, writ denied). When an order does not state the basis on
which it was granted, it may be upheld on any basis before the trial court. See id. at 11. Appellant
relies on the court's oral statement near the end of the hearing on the motion for new trial in ruling
that the appeal was frivolous: "Well, in this particular case since your client did not participate in
the case at all and has not--chosen not to appear today for whatever reason, I'm going to find
that it's frivolous." (1) In its written order, however, the trial court denied the motion for new trial,
found appellant indigent, and stated as follows : "The Court further finds that Respondent's appeal
is frivolous." The trial court's written conclusion was not limited to appellant's absence, but could
have been based on any reason before the court that showed appellant's appeal lacked an arguable
basis in fact or law. The trial court had heard the entire case and could have assessed the pleadings
and evidence presented against the standards appellant would face on appeal. Our review is not
limited to whether the trial court could permissibly find an appeal frivolous based on the appellant's
absence from trial proceedings.

 Based on our review of the sealed record, we cannot conclude that the trial court
abused its discretion by finding that appellant's appeal lacks a substantial basis fact and law. We
affirm the trial court's finding that this appeal is frivolous.

 Our affirmance of the trial court's finding that the appeal is frivolous does not
dispose of the merits of the appeal. See Vallejo v. Texas Dep't of Family & Prot. Servs., No. 03-07-00003-CV, slip op. at 6 (Tex. App.--Austin Apr. 18, 2008) (order affirming finding that appeal was
frivolous); see also Tex. Fam. Code Ann. § 263.405(d)(3). Any further briefing from appellant is
due 20 days from the date of this order. Any further briefing from the department is due 20 days
after the date appellant files such further briefing or files a statement that she does not intend to file
any further briefing. After that, this Court will proceed to consider the merits of the appeal against
the applicable standards of review.

 Ordered on October 14, 2011.


Before Justices Puryear, Rose and Goodwin

1. We note that the trial court had earlier said the following: "The jury made the findings that
it made based on the evidence that was presented to it, and so I'm--I will hold that her appeal is
frivolous." This illustrates that, even in open court, the trial court did not look solely at appellant's
attendance when considering the frivolousness issue.