Order filed September 16,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00080-CV 

                                                    __________

 

                           IN
THE INTEREST OF L.K.H., A CHILD

 



 

                                  On
Appeal from the 132nd District Court

 

                                                           Scurry
County, Texas

 

                                                      Trial
Court Cause No. 23200 

 



 

                                                                     O
R D E R

            The
trial court determined that the termination of B.H.’s parental rights to her
daughter L.K.H. was not in the best interest of the child but found that
appointment of the Texas Department of Family and Protective Services (the
Department) as L.K.H.’s permanent managing conservator was in the best interest
of the child.  Trial counsel timely filed pursuant to Tex. Fam. Code Ann. § 263.405 (Vernon 2008) a motion for new
trial, a statement of points on appeal, and a notice of appeal.  After a
hearing, the trial court concluded that B.H. was indigent, that her motion for
new trial should be denied, that her appeal was frivolous pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b)
(Vernon 2002), and that counsel should be appointed pursuant to Section
263.405.  B.H. appeals.  We abate.

Because
the trial court found that B.H.’s appeal was frivolous under Section 263.405(d)
and Section 13.003(b), appellate review at this stage is limited to a review of
the trial court’s exercise of its discretion in determining that her appeal was
frivolous, and the merits of the trial court’s decision to appoint the
Department permanent managing conservator is not before this court at this
time.  In re A.B., 269 S.W.3d 120, 124 (Tex. App.—El Paso 2008, no
pet.); Lumpkin v. Dep’t of Family & Protective Servs., 260 S.W.3d
524, 526-27 (Tex. App.—Houston [1st Dist.] 2008, no pet.); In re K.D.,
202 S.W.3d 860, 865 (Tex. App.—Fort Worth 2006, no pet.).  Court-appointed
appellate counsel filed a motion to withdraw and brief supporting his motion on
the ground that the appeal is without merit.  Counsel followed the requirements
of Anders v. California, 386 U.S. 738 (1967); In re Schulman, 252
S.W.3d 403 (Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503
(Tex. Crim. App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State,
161 S.W.3d 173 (Tex. App.CEastland
2005, no pet.).  A court-appointed attorney who examines the record and
applicable law and concludes that the appeal from a final order appointing the
Department as permanent managing conservator is frivolous would be entitled to
proceed under Anders just as the same counsel would if the order was one
terminating parental rights:  in both situations the appointment of counsel is
mandatory under Section 263.405(e), which may result in court-appointed counsel
addressing the very ethical issues that Anders and its progeny address and
resolve.  Anders applies to appeals from the termination of parental
rights.  Taylor v. Tex. Dep’t of Protective & Regulatory Servs., 160 S.W.3d 641, 646 (Tex. App.—Austin
2005, pet. denied); In re D.E.S., 135 S.W.3d 326, 329 (Tex. App.—Houston
[14th Dist.] 2004, no pet.); In re K.D., 127 S.W.3d 66, 67 (Tex. App.—Houston
[1st Dist.] 2003, no pet.); Porter v. Tex. Dep’t of
Protective & Regulatory Servs., 105 S.W.3d 52, 56 (Tex. App.—Corpus
Christi 2003, no pet.); In re K.M., 98 S.W.3d 774, 777 (Tex. App.—Fort
Worth 2003, no pet.); In re E.L.Y., 69 S.W.3d 838, 841 (Tex. App.—Waco
2002, no pet.); In re K.S.M., 61 S.W.3d 632, 634 (Tex. App.—Tyler
2001, no pet.); In re AWT, 61 S.W.3d 87, 88 (Tex. App.—Amarillo
2001, no pet.).

Court-appointed
counsel thoroughly examined the record and addresses the merits of the trial
court’s appointment of the Department as permanent managing conservator. 
However, as noted above, this is not the issue before this court at this time. 
The issue is the trial court’s ruling that B.H.’s appeal from its order
appointing the Department is frivolous pursuant to Section 263.405 and
Section 13.003(b).  

Counsel’s
motion to withdraw was granted, and the appeal was dismissed on July 8, 2010. 
On July 15, 2010, this court withdrew the opinion granting counsel’s motion to
withdraw as well as the judgment of July 8, 2010, and reinstated the appeal.  

            Therefore,
the appeal is abated in order that court-appointed counsel may address the
issue of whether the trial court abused its discretion in determining that
B.H.’s appeal was frivolous pursuant to Section 263.405 and Section 13.003(b). 
Counsel’s brief is now due to be filed in this court on or before October 21,
2010.  In the event that counsel concludes that this appeal from the trial
court’s findings is without merit, counsel may proceed under Anders
examining the record and applicable law as it applies to the trial court’s
ruling that B.H.’s appeal is frivolous under Sections 263.405 and Section
13.003(b).  When counsel’s brief is filed, the appeal will be reinstated and
presented to the court.

 

                                                                                                PER
CURIAM

 

September 16,
2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.