**Opinion filed March 10, 2011**



## In The

# Eleventh Court of Appeals

_____

### No. 11-10-00080-CV

_____

## IN THE INTEREST OF L.K.H., A CHILD

**On Appeal from the 132nd District Court**

**Scurry County, Texas**

**Trial Court Cause No. 23200**

### M E M O R A N D U M   O P I N I O N

The Texas Department of Family and Protective Services (the Department) instituted the underlying action seeking to terminate B.H.'s parental right to her daughter, L.K.H. In the alternative, the Department sought to be appointed as the permanent managing conservator of the child. The trial court denied the requested termination of B.H.'s parental rights on the basis that termination was not in the best interest of the child. However, the trial court appointed the Department as the permanent managing conservator of the child. B.H. attempts to appeal from this determination. We dismiss the appeal.

*Procedural History*

Pursuant to TEX. FAM. CODE ANN. § 263.405(b) (Vernon 2008), B.H.'s trial counsel timely filed a motion for new trial, a statement of points on appeal, and a notice of appeal. After

a hearing, the trial court concluded that B.H. was indigent, that her motion for new trial should be denied, and that her intended appeal was frivolous pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (Vernon 2002). B.H.'s court-appointed counsel subsequently filed a brief in this appeal regarding the merits of the trial court's appointment of the Department as permanent managing conservator. As we noted in a previous order issued in this appeal, when a trial court makes a frivolous finding, an aggrieved parent's appeal is initially limited to appealing the trial court's finding that the appeal is frivolous. *See* TEX. FAM. CODE ANN. § 263.405(g) (Vernon 2008); *Lumpkin v. Dep't of Fam. & Protective Servs.*, 260 S.W.3d 524, 526 (Tex. App.— Houston [1st Dist.] 2008, no pet.); *In re K.D.*, 202 S.W.3d 860, 865-66 (Tex. App.—Fort Worth 2006, no pet.). Accordingly, we issued an order abating the appeal that instructed counsel to file a brief addressing the trial court's determination that B.H.'s intended appeal would be frivolous.

*Motion to Withdraw and Anders Brief*

Counsel has complied with our abatement order by filing a motion to withdraw and a supporting brief wherein he professionally and conscientiously examines the record and applicable law and states that he has concluded that an appeal of the trial court's determination that the appeal would be frivolous would also be frivolous. Counsel has provided B.H. with a copy of the motion to withdraw and brief and has advised B.H. of her right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967) and *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008). In this regard, the practice recognized in *Anders* for court-appointed counsel to seek a withdrawal from a frivolous appeal applies to parental termination proceedings involving appointed counsel. *See In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

*Analysis*

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, an appeal is frivolous when it lacks an arguable basis in law or in fact. *See In re K.D.*, 202 S.W.3d at 865-66. An appeal of a final order under

---

[1] By letter, this court initially granted B.H. thirty days in which to exercise her right to file a response to counsel's motion to withdraw and brief. We additionally granted B.H. an additional sixty days to file her response by granting three motions for extension filed by B.H. The court advised B.H. in a letter dated January 6, 2011, that her response must be filed by February 10, 2011, "with no further extensions."

TEX. FAM. CODE ANN. § 263.405 (Vernon 2008) is limited to the issues presented in the statement of points. Section 263.405(i); *Lumpkin*, 260 S.W.3d at 527. If a trial court determines that an appeal is frivolous, the court has necessarily determined that each of the issues identified in the statement of points is frivolous. *Lumpkin*, 260 S.W.3d at 527. All of B.H.'s statement of points on appeal concern the legal and factual sufficiency of the evidence supporting various findings made by the trial court. Most of B.H.'s points address findings concerning the Department's request to terminate parental rights. These points are immaterial because the trial court did not terminate her parental rights. The remaining points address the trial court's appointment of the Department as the child's permanent managing conservator. We conclude that there is no arguable basis in law or fact to support an appeal of this determination by the trial court.

We grant court-appointed counsel's motion to withdraw. Additionally, we order counsel to notify B.H. of the disposition of this appeal and the availability of discretionary review to the Texas Supreme Court. Counsel is directed to send B.H. a copy of the opinion and judgment within five days after the opinion is handed down, along with notification of her right to file a pro se petition for review under TEX. R. APP. P. 53. Likewise, this court advises B.H. that she may file a petition for review pursuant to Rule 53.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

March 10, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

3