Opinion filed March 10,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00080-CV

                                                    __________

 

                           IN
THE INTEREST OF L.K.H., A CHILD

 

 

 

                                  On
Appeal from the 132nd District Court

 

                                                           Scurry
County, Texas

 

                                                      Trial
Court Cause No. 23200

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The Texas Department of Family and Protective Services (the Department) instituted the
underlying action seeking to terminate B.H.’s parental right to her daughter,
L.K.H.  In the alternative, the Department sought to be appointed as the
permanent managing conservator of the child.  The trial court denied the
requested termination of B.H.’s parental rights on the basis that termination
was not in the best interest of the child.  However, the trial court appointed
the Department as the permanent managing conservator of the child.  B.H.
attempts to appeal from this determination.  We dismiss the appeal.

Procedural
History

            Pursuant
to Tex. Fam. Code Ann. § 263.405(b)
(Vernon 2008), B.H.’s trial counsel timely filed a motion for new trial, a
statement of points on appeal, and a notice of appeal.  After a hearing, the
trial court concluded that B.H. was indigent, that her motion for new trial
should be denied, and that her intended appeal was frivolous pursuant to Tex. Civ. Prac. & Rem. Code Ann. §
13.003(b) (Vernon 2002).  B.H.’s court-appointed counsel subsequently filed a
brief in this appeal regarding the merits of the trial court’s appointment of
the Department as permanent managing conservator.  As we noted in a previous
order issued in this appeal, when a trial court makes a frivolous finding, an
aggrieved parent’s appeal is initially limited to appealing the trial court’s
finding that the appeal is frivolous.  See Tex. Fam. Code Ann. § 263.405(g) (Vernon 2008); Lumpkin
v. Dep’t of Fam. & Protective Servs., 260 S.W.3d 524, 526 (Tex. App.—Houston
[1st Dist.] 2008, no pet.); In re K.D., 202 S.W.3d 860, 865-66 (Tex. App.—Fort
Worth 2006, no pet.).  Accordingly, we issued an order abating the appeal that
instructed counsel to file a brief addressing the trial court’s determination
that B.H.’s intended appeal would be frivolous.

Motion
to Withdraw and Anders Brief

Counsel
has complied with our abatement order by filing a motion to withdraw and a
supporting brief wherein he professionally and conscientiously examines the
record and applicable law and states that he has concluded that an appeal of
the trial court’s determination that the appeal would be frivolous would also
be frivolous.  Counsel has provided B.H. with a copy of the motion to withdraw
and brief and has advised B.H. of her right to review the record and file a
response to counsel’s brief.  A response has not been filed.[1] 
Court-appointed counsel has complied with the requirements of Anders v.
California, 386 U.S. 738 (1967) and In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008).  In this regard, the practice recognized in Anders for court-appointed counsel to seek a withdrawal from a frivolous appeal
applies to parental termination proceedings involving appointed counsel.  See In re K.D., 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no
pet.).

Analysis

            Following the procedures outlined in Anders
and Schulman, we have independently re-viewed the record, and we agree
that the appeal is without merit and should be dismissed.  Schulman, 252
S.W.3d at 409.  In this regard, an appeal is frivolous when it lacks an
arguable basis in law or in fact.  See In re K.D., 202 S.W.3d at
865-66.  An appeal of a final order under Tex.
Fam. Code Ann. § 263.405 (Vernon 2008) is limited to the issues
presented in the statement of points.  Section 263.405(i); Lumpkin, 260
S.W.3d at 527.  If a trial court determines that an appeal is frivolous, the
court has necessarily determined that each of the issues identified in the
statement of points is frivolous.  Lumpkin, 260 S.W.3d at 527.  All of
B.H.’s statement of points on appeal concern the legal and factual sufficiency
of the evidence supporting various findings made by the trial court.  Most of
B.H.’s points address findings concerning the Department’s request to terminate
parental rights.  These points are immaterial because the trial court did not
terminate her parental rights.  The remaining points address the trial court’s
appointment of the Department as the child’s permanent managing conservator. 
We conclude that there is no arguable basis in law or fact to support an appeal
of this determination by the trial court.

We
grant court-appointed counsel’s motion to withdraw. Additionally, we order counsel
to notify B.H. of the disposition of this appeal and the availability of
discretionary review to the Texas Supreme Court.  Counsel is directed to send
B.H. a copy of the opinion and judgment within five days after the opinion is
handed down, along with notification of her right to file a pro se petition for
review under Tex. R. App. P. 53. 
Likewise, this court advises B.H. that she may file a petition for review
pursuant to Rule 53.  

The
motion to withdraw is granted, and the appeal is dismissed.  

 

 

                                                                                    PER
CURIAM

 

March 10, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]By
letter, this court initially granted B.H. thirty days in which to exercise her
right to file a response to counsel’s motion to withdraw and brief.   We
additionally granted B.H. an additional sixty days to file her response by
granting three motions for extension filed by B.H.  The court advised B.H. in a
letter dated January 6, 2011, that her response must be filed by February 10,
2011, “with no further extensions.”