TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00767-CV






A.M., Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT

NO. 2010-0384, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 This is an accelerated appeal from an order terminating the parental rights of appellant
A.M. to her child, K.M.W. (1) After a final hearing, the trial court ordered A.M.'s parental rights
terminated based upon findings that she had constructively abandoned her child and that termination
was in the best interest of the child. See Tex. Fam. Code Ann. § 161.001(1) (N), (2) (West Supp.
2010). A.M. filed a motion for new trial, a statement of points on appeal, and a notice of appeal. 
The trial court held a hearing pursuant to section 263.405 of the family code. See id. § 263.405
(West 2008) (procedure for appealing final order). The trial court denied A.M.'s motion for new
trial and, after considering her statement of points on appeal, determined that her appeal was
frivolous. See id. § 263.405(i) (appeal of termination order limited to issues presented in statement
of points on appeal). 

 An appeal is frivolous when it lacks an arguable basis in law or in fact. See id.
§ 263.405(d)(3) (appeal is frivolous as provided by section 13.003(b) of civil practice and remedies
code); In re K.D., 202 S.W.3d 860, 865-66 (Tex. App.--Fort Worth 2006, no pet.). When a trial
court makes a frivolousness finding, an aggrieved parent's appeal is initially limited to appealing the
trial court's finding that the appeal is frivolous. See Tex. Fam. Code Ann. § 263.405(g); Lumpkin
v. Department of Family & Protective Servs., 260 S.W.3d 524, 526 (Tex. App.--Houston [1st Dist.]
2008, no pet.); In re K.D., 202 S.W.3d at 865. We review a trial court's frivolousness finding under
an abuse of discretion standard. Lumpkin, 260 S.W.3d at 526-27. A trial court abuses its discretion
when it acts without reference to any guiding rules or principles. Id. (citing Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)). In undertaking our review, we limit our
review to the parent's statement of points on appeal and the record from the hearing held pursuant
to section 263.405(d) of the family code. See Tex. Fam. Code Ann. § 263.405(d), (g), (i).

 A.M.'s court-appointed attorney has filed an Anders brief. See Anders v. California,
386 U.S. 738, 744 (1967); Taylor v. Texas Dep't of Protective & Regulatory Servs., 160 S.W.3d 641,
646-47 (Tex. App.--Austin 2005, pet. denied) (applying Anders procedure in appeal from
termination of parental rights); In re K.D., 127 S.W.3d 66, 67 (Tex. App.--Houston [1st Dist.] 2003,
no pet.) (same). A.M.'s attorney states that he carefully examined the record and researched relevant
statutes and case law and concludes that the appeal presents only legally frivolous issues. The brief
filed by A.M.'s attorney meets the requirements of Anders by presenting a professional evaluation
of the record and demonstrating that there are no arguable grounds for appeal. See Anders,
386 U.S. at 744. The record reflects that A.M.'s attorney served a copy of the Anders brief on
A.M. on April 21, 2011, and informed her of her right to file a pro se brief. A.M. has not filed a
pro se brief.

 We have carefully reviewed the record and counsel's brief, and we have found
nothing that would arguably support an appeal. Accordingly, we conclude that the trial court acted
within its discretion in finding that the appeal is frivolous and affirm the trial court's order
terminating A.M.'s parental rights to K.M.W. (2)


 __________________________________________

 Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed: June 16, 2011
1. We use aliases to refer to appellant and her child. See Tex. R. App. P. 9.8.
2. We grant A.M.'s appellate attorney's motion to withdraw. We order A.M.'s appellate
attorney to notify A.M. of the disposition of this appeal and the availability of discretionary review
to the Texas Supreme Court. See In re K.D., 127 S.W.3d 66, 68 n.3 (Tex. App.--Houston [1st Dist.]
2003, no pet.). We also dismiss as moot the motion to withdraw and appoint attorney and motion
for extension of time to file appellant's brief that was filed by A.M.'s trial attorney prior to our
abatement order. On remand, the trial court granted A.M.'s trial attorney's motion to withdraw.