Opinion issued August 25, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00809-CV

———————————

C.M.D.,
Appellant

V.

Department
of Family and Protective Services, Appellee



 



 

On Appeal from the 315th District Court

Harris County, Texas



Trial Court Case No. 0804352J

 



 

MEMORANDUM OPINION

          The
trial court terminated C.M.D.’s parental rights to her four children.[1] C.M.D.
filed a motion for new trial and statement of points for appeal. The trial court
denied the motion for new trial and determined that an appeal would be
frivolous. See Tex. Fam. Code
Ann. § 263.405 (West Supp. 2010). C.M.D.’s court-appointed appellate counsel
has filed a motion to withdraw along with a brief stating his professional
opinion that she has no meritorious ground for appeal and there is no arguable
ground for reversal. See Anders v.
California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). After an
independent review of the record, we determine that the trial court did not
abuse its discretion in determining that any appeal would be frivolous.

Background

In April 2008, the Texas Department of Family and Protective Services
received a referral alleging that C.M.D. and N.R. were abusing C.M.D.’s four
children, three of whom are also N.R.’s children. The allegations included
domestic violence that put the children in danger of injury, failure to
supervise the children, and that C.M.D. was using crack cocaine. The department
later received another referral alleging that a shooting had occurred at C.M.D.’s
home, resulting in serious injury to one of her children. On May 13, the department
filed a petition to appoint it conservator of C.M.D.’s four children and to
terminate the children’s parent-child relationships with C.M.D. and with their
respective fathers. After an adversary hearing, the trial court appointed the
department temporary sole managing conservator of the children. 

The trial court also ordered C.M.D. to comply with the
department’s service plan. The service plan required C.M.D. to participate in
drug testing and counseling. The service plan also required C.M.D. to obtain
employment to support herself and her children, provide suitable housing for
herself and her children, complete a one-time psychological evaluation, and
complete a parenting class. C.M.D. completed the parenting class and the
psychological evaluation. The record indicates that she obtained employment at
one point, but lost the job in November 2009.

C.M.D. repeatedly tested positive for cocaine in her
court-ordered hair analysis drug screening. Her May 2008 drug test results were
positive for cocaine. When she went in for testing again in March 2009, she did
not have sufficient hair to perform the analysis. She was tested again in
September 2009 and twice in November 2009. All three tests were positive for
cocaine. Her September test was also positive for ecstasy. She tested negative
for cocaine in February of 2010, but she tested positive for opiates[2]
in April and positive for cocaine in May. In March 2010, the trial court
ordered C.M.D. to enter into an inpatient drug treatment program. C.M.D. did
not comply. At the time of the late-2009 and early-2010 drug tests, C.M.D. was
pregnant with another child not at issue in this case.

In interviews after the children were placed in the custody
of the department, C.M.D. and N.R. both admitted to incidents of domestic
violence in their home. At some point, N.R. moved out of the apartment in which
he and C.M.D. lived. In January 2010, C.M.D. was evicted from her apartment and
moved in with her sister. 

On August 25, 2010, the trial court held a hearing on the
department’s suit to terminate C.M.D.’s parental rights to her four children. C.M.D.
attended the hearing with her appointed counsel. The department was represented
at the hearing by its caseworker and counsel, and the children were represented
by an attorney ad litem. The parties waived a jury, and the trial court acted
as finder of fact. Expert testimony confirmed C.M.D.’s drug test results. The
caseworker for the department testified that the department’s original goal was
reunification of the children with their mother, but the mother’s continued
drug use placed the children in continuing danger. The caseworker testified
that the department had the children in safe and stable homes and that
permanent placement in those homes was in the children’s best interest. She
also testified that C.M.D. continually denied any drug use and claimed to have
tested positive for cocaine as a result of sexual intercourse. The children’s
ad litem also testified that it was in the best interest of the children that
they remain with the families with whom they had been placed by the department
and that C.M.D.’s parental rights be terminated so that the children could be
adopted by those families. The ad litem also testified that C.M.D. denied any
drug use. 

C.M.D. also testified at trial, repeatedly stating that she
did not use drugs. She testified that she thought the reason she tested
positive for drugs was that she was having sexual intercourse with a man who
used drugs. She also indicated that the tests might have been altered by
someone. C.M.D.’s sister testified that she had never seen C.M.D. use drugs. She
testified that she also believed that C.M.D.’s positive drug tests were the
result of sexual intercourse. She stated that N.R. used drugs but she did not
know if the new baby’s father used drugs. She further testified that she went
with C.M.D. to the court-ordered drug treatment facility but it would not
accept C.M.D. into the program because C.M.D. would not admit to any drug use.
On follow-up examination, the drug testing expert testified that sexual
intercourse with a drug user could not cause a positive result on the hair
analysis drug screening performed on C.M.D. C.M.D. did not rebut this expert
testimony with an expert of her own.

On September 8, 2010, the trial court entered a decree
terminating C.M.D.’s parental rights to her four children on the basis of its
findings that C.M.D

·       
placed or
knowingly allowed the children to remain in conditions or surroundings that
endangered their physical or emotional well-being,

·       
engaged in
conduct or knowingly placed the children with persons who engaged in conduct
that endangered their physical or emotional well-being,

·       
failed to comply
with the provisions of a court order that specifically established the actions
necessary for her to obtain the return of her children who had been in the
managing conservatorship of the department for not less than nine months as a
result of removal from her home, and

·       
used a controlled
substance in a manner that endangered the health or safety of the children and
failed to complete a court-ordered substance abuse treatment program or failed
to discontinue abuse after completion of program.

On September 13, C.M.D. filed a motion for new trial and
statement of appellate points. She also sought indigency status for her appeal.
In her appellate points, C.M.D. contended that there was no evidence or legally
or factually insufficient evidence to support each of the trial court’s
findings of fact and its determination that termination of her parental rights
was in the best interest of the children. She also pointed out that the
caseworker had testified to a strong bond between C.M.D. and her children and
that she had visited her children while they were in conservatorship. 

At the hearing on her motions, C.M.D.’s counsel admitted that
C.M.D. did not complete the drug abuse treatment ordered by the court after she
tested positive for cocaine, but stated that the drug treatment center “ousted”
her from the program because she would not admit she had a drug problem. Her
counsel stated that C.M.D. felt that, for that reason, it was not her fault
that she violated the court’s order. C.M.D.’s counsel admitted that C.M.D. tested
positive for cocaine numerous times over the course of this case, but stated
that C.M.D. believed the cocaine had gotten into her system through sexual
intercourse with N.R.. He stated that she did not believe she had a drug
problem or was using drugs. The department responded that the expert testimony
at the termination hearing demonstrated that sexual intercourse with a cocaine
user could not result in a positive cocaine reading on the hair analysis tests.


The trial court (1) denied C.M.D.’s motion for new trial, (2)
sustained C.M.D.’s claim of indigence, appointing her new counsel for her
appeal, and       (3) found that her appeal was frivolous. See Tex.
Fam. Code Ann. §
263.405(d). C.M.D. appealed the trial court’s determination that her appeal was
frivolous. See id. § 263.405(g).
Initially, C.M.D.’s appellate counsel contended that C.M.D. did not receive
adequate representation at trial but that he was unable to demonstrate this
without the full reporter’s record on appeal. We ordered the full reporter’s
record and afforded the parties additional time for briefing. C.M.D.’s
appellate counsel then filed an Anders brief
in which he contends that C.M.D. has no viable basis for appeal. With his Anders brief and motion to withdraw, C.M.D.’s
appellate counsel has certified that he provided C.M.D. a copy of his Anders brief and advised her of her
right to the reporter’s record and clerk’s record, as well as her right to file
a pro se brief of her own.




 

Standard of Review

A party seeking to appeal from an order terminating a
parent-child relationship must file with the trial court a statement of the
point or points on which the party intends to appeal. Tex. Fam. Code Ann. § 263.405(b). Under the Family Code as it
exists until the effective date of the Legislature’s 2011 amendments, the trial
court must then determine whether the appeal is “frivolous,” as described in
section 13.003(b) of the Texas Civil Practices and Remedies Code. Tex. Fam. Code Ann. § 263.405(d)(3). If
the trial court determines that the appeal is frivolous, the parent may appeal
the trial court’s frivolousness finding by filing with the court of appeals the
reporter’s record and clerk’s record of the hearing on the parent’s 263.405
motion. See id. § 263.405(g).


We must decide the challenge to the trial court’s
determination of frivolousness before we may reach any substantive issues on
appeal. Lumpkin v. Dep’t of Family & Protective Servs., 260 S.W.3d
524, 526 (Tex. App.—Houston [1st Dist.] 2008, no pet.); Montes v. Dep’t of
Family & Protective Servs., No. 01-10-00643-CV, 2011 WL 2089721, at *2
(Tex. App.—Houston [1st Dist.] May 19, 2011, no pet.); see also In re K.D., 202 S.W.3d 860, 865 (Tex. App.—Fort
Worth 2006, no pet.) (“[O]nce the trial court determines that an appeal is
frivolous, the scope of appellate review is statutorily limited to a review of
the trial court’s frivolousness finding.”). We review a trial court’s
frivolousness finding under an abuse of discretion standard. Lumpkin,
260 S.W.3d at 526-27; Montes, 2011 WL
2089721, at *2. A trial court abuses its discretion if it acts in an arbitrary
or unreasonable manner, without reference to any guiding rules or principles. Lumpkin,
260 S.W.3d at 526–27 (citing Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 
238, 241–42 (Tex. 1985)); Montes,
2011 WL 2089721, at *2 (same). 

The Family Code limits the issues an appellate court may
consider to those issues presented to the trial court in a timely filed
statement of points for appeal. Tex.
Fam. Code Ann. § 263.405(i). The Supreme Court of Texas, however, has
held that a court of appeals may also consider an ineffective assistance of
counsel claim in order to ensure that the parent’s rights were adequately
represented in the trial court. In re
J.O.A., 283 S.W.3d 336, 341 (Tex. 2009). A court of appeals will presume
that counsel’s conduct falls within the range of reasonable professional
assistance, “including the possibility that counsel’s decision not to challenge
factual sufficiency was based on strategy, or even because counsel, in his
professional opinion, believed the evidence factually sufficient such that a
motion for new trial was not warranted.” Id. at 343 (quoting Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052
(1984)). A parent pursuing an ineffective assistance of counsel claim bears the
burden of overcoming that presumption. Id.
at 343.




 

Frivolousness of C.M.D.’s Appeal

In his Anders brief, C.M.D.’s appellate counsel states
that, after diligently reviewing the record, he has concluded that there are no
arguable grounds he can advance on C.M.D.’s behalf on appeal of the trial
court’s termination of C.M.D.’s parental rights. This Court has previously
determined that it is appropriate to file an Anders brief in a termination-of-parental-rights
case. See Abbott v. Dep’t of Family and Protective Servs.,
No. 01-07-01034-CV, 2009 WL 214510, at *2 (Tex. App.—Houston [1st Dist.] Jan.
29, 2009, no pet.) (citing In re K.D., 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.)).
Although C.M.D.’s counsel’s Anders brief
does not specifically conclude that the sufficiency issues are frivolous under
Family Code section 263.405(d), the brief meets the requirements of Anders by presenting a professional
evaluation of the record and demonstrating why there are no arguable grounds
for an appeal. Abbott, 2009 WL
214510, at *2. We construe the Anders brief as a conclusion by C.M.D.’s
appellate counsel that an appeal based on the sufficiency of the evidence would
be frivolous. Id. 

Based on our independent review of the record and the Anders brief, we conclude that the trial
court did not abuse its discretion when it found that C.M.D.’s appeal would be
frivolous.[3]


Conclusion

We affirm the trial court’s order and grant appointed counsel’s
motion to withdraw.[4]
 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Brown and Huddle.

 











[1]
          C.M.D. gave birth to another
child during the pendency of this matter. That child is not at issue in this
action. References to C.M.D.’s “children” are to the four children who are the
subject of the trial court’s termination order only.





[2]
          The opiates were identified at
trial as “morphine and metabolite of heroine.”





[3]           The record contains undisputed evidence that C.M.D. tested
positive for illegal drugs at least six times over the course of this proceeding.
Although C.M.D. insists that she tested positive for cocaine because there was
cocaine in her system transmitted to her through sexual intercourse, the expert
testimony excluded that as a possible explanation. C.M.D. offered no
controverting expert testimony. This evidence supports the trial court’s controlled
substance and endangerment findings. See
In re J.O.A., 283 S.W.at 345 (“We accordingly
agree that a parent’s use of narcotics and its effect on his or her ability to
parent may qualify as an endangering course of conduct.”); In re S.N., 272 S.W.3d 45, 52 (Tex. App.—Waco
2008, no pet.) (“Evidence of illegal drug use or alcohol abuse by a parent is
often cited as conduct which will support an affirmative finding that the
parent has engaged in a course of conduct which has the effect of endangering
the child.”); Toliver v. Tex. Dep’t of Family and Protective Servs., 217
S.W.3d 85, 98 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (“Evidence of
narcotics use and its effect on a parent’s life and her ability to parent may
establish that the parent has engaged in an ‘endangering course of conduct.’”);
In re R.W., 129 S.W.3d 732, 739 (Tex. App.—Fort Worth 2004, pet. denied)
(“As a general rule, conduct that subjects a child to a life of uncertainty and
instability endangers the physical and emotional well-being of a child. Drug
use and its effect on a parent’s life and his ability to parent may establish
an endangering course of conduct.”) (citation omitted). The record also
contains evidence that C.M.D. was unable to complete the court-ordered drug
treatment program because she refused to admit that she had a drug problem.  This evidence supports the trial court’s
finding that C.M.D. failed to comply with its order requiring participation in
a drug treatment program.

 





[4]           Appointed counsel still has a duty to
inform C.M.D. of the result of this appeal and 

that she may, on her own,
pursue discretionary review. See In re
K.D., 127 S.W.3d  at 68 n.3.