

## NUMBER 13-11-00304-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

### IN THE INTEREST OF A.M. AND J.E.M., CHILDREN

**On appeal from the 24th District Court
of DeWitt County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Justice Garza**

This is an accelerated appeal from a parental termination proceeding. *See* TEX. FAM. CODE ANN. § 109.002 (West 2008).[1] The trial court terminated appellant's parental rights to his children, A.M. and J.E.M., on May 26, 2011.[2] We affirm the trial

---

[1] Appeals from proceedings resulting in the termination of parental rights are to be accelerated, and "[t]he appellate court shall render its final order or judgment with the least possible delay." TEX. FAM. CODE ANN. § 263.405(a) (West 2008).

[2] The trial court also terminated the rights of J.M., the children's mother. Only appellant appeals from the termination order.

court's judgment.

## I. BACKGROUND

On October 29, 2009, the Department of Family and Protective Services ("the Department") filed suit seeking termination of appellant's parental rights. Following a bench trial on April 26, 2011, the trial court terminated appellant's parental rights to the children and signed the termination decree on May 26, 2011. At the termination trial, appellant was represented by appointed counsel.[3] The record reflects that counsel was appointed on March 24, 2011, although counsel apparently did not receive notice of the appointment until March 31, 2011. In the termination decree, the trial court found by clear and convincing evidence that termination was in the children's best interest and that appellant:

> knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children;[4]
>
> engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children;[5]
>
> . . . .
>
> constructively abandoned the children who have been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months and: (1) the Department or authorized agency has made reasonable efforts to return the children to the father; (2) the father has not regularly

---

[3] On April 26, 2011, the day of the termination trial, appellant's appointed counsel filed a motion for continuance on grounds that: (1) he received notice of his appointment on March 31, 2011 and therefore had inadequate time—less than one month—to prepare for the termination trial; and (2) appellant lived in north Texas, which created an obstacle to effective attorney/client communication. The trial court denied the motion for continuance.

[4] *See* TEX. FAM. CODE ANN. § 161.001(1)(D) (West Supp. 2010).

[5] *Id.* § 161.001(1)(E).

2

visited or maintained significant contact with the children; and (3) the father has demonstrated an inability to provide the children with a safe environment;[6]

failed to comply with the provisions of a court order that specifically established the actions necessary for the father to obtain the return of the children who have been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the children.[7]

Two days after trial, on April 28, 2011, appellant's trial counsel filed a motion for new trial and a notice of appeal; in both documents, counsel asserted that appellant was deprived of his due process rights because counsel had insufficient time—twenty-seven days from the date counsel was notified of the appointment—to prepare for the termination trial.[8] Counsel did not file a statement of points pursuant to then-applicable section 263.405(i) of the family code.[9] On June 1, 2011, counsel filed an amended notice of appeal, in which he restated appellant's due process complaint based on inadequate notice.

On June 14, 2011, the trial court held a hearing under family code section 263.405(d). *See* TEX. FAM. CODE ANN. § 263.405(d) (West 2008). Counsel for the Department appeared and appellant's trial counsel appeared for appellant. The Department presented the testimony of Tim Tinsley, the Department's case worker

---

[6] *Id.* § 161.001(1)(N).

[7] *Id.* § 161.001(1)(O).

[8] We note that the termination order, signed on May 26, 2011, specifically dismissed appellant's counsel from representing appellant.

[9] Section 263.405 of the family code was recently amended and much of the statute was repealed. *See* Act of June 15, 2001, 77th Leg., R.S., ch. 1090, § 9, 2001 TEX. GEN. LAWS 2265–66 (amended 2005, 2007, and 2011), *repealed by* Act of May 19, 2011, 82nd Leg., R.S., ch. 75, §§ 4–6, 2011 TEX. SESS. LAW SERV. (effective September 1, 2011) (current version at 2011 TEX. SESS. LAW SERV. Ch. 75 (H.B. 906) (West)). Final orders rendered before September 1, 2011 are governed by the law in effect on the date the order was rendered. *See* Act of May 19, 2011, 82nd Leg., R.S., ch. 75, §§ 8, 9. All citations to section 263.405 and its parts are to the earlier version of the statute applicable to this appeal.

3

assigned to the children. Tinsley testified that he was present at appellant's termination trial. The trial court admitted Tinsley's affidavit into evidence. Tinsley testified that the Department did not change its plan to seek termination of appellant's parental rights until after December 2010.[10] During the time that the case was pending, appellant was employed and living in Sherman, Texas. Tinsley clarified that appellant did not appear for any hearing prior to December 13, 2010, and even at that time, did not request counsel. After the Department decided to seek termination, Tinsley informed the Department that appellant should be appointed counsel. Appellant's counsel's cross-examination of Tinsley was limited to questioning the procedure for appointment of counsel. The Department also presented the testimony of Denise Rangel, the Court Appointed Special Advocate (CASA) supervisor involved in this case. Rangel testified that she attended the termination trial and believed termination to be in the children's best interest. Again, appellant's counsel's cross-examination of Rangel was limited to the issue of whether twenty-seven days was sufficient time to prepare for a termination trial.

Appellant's counsel advised the court that he received notice of his appointment by mail twenty-seven days before the termination trial. Counsel advised the court that

---

[10] In his affidavit, Tinsley stated that: (1) in November 2009, the children's mother signed a family plan of service, but failed to complete the requirements; (2) appellant signed a family plan of service in August 2010, but failed to complete the requirements; (3) during the first year of the case, appellant did not have any contact with the children; (4) in August 2010, the Department's plan was reunification with appellant; (5) at the December 13, 2010 hearing, appellant was present, stated he was willing to make visitations with the children, and did not request an attorney; (6) although appellant made several appointments to visit the children, he failed to show up for the visitations and had not visited the children since their removal; (7) appellant "constructively abandoned his children since he has made no contact with the children in a year and a half"; and (8) appellant "has been employed throughout this case and has not sent any support to the children."

he had filed a motion for continuance before the termination trial, which was denied.[11] The Department's counsel noted that: (1) appellant did not appear at the termination trial; (2) appellant had not seen the children for a year and a half, possibly longer; (3) appellant did not finish his service plan; and (4) appellant's rights were terminated on finding four grounds for termination. Appellant's counsel conceded that the family code does not specify a minimum period of time between appointment of counsel and trial. Appellant's counsel noted that counsel for the children's mother was appointed six days before the termination trial. The Department's counsel responded that appellant (1) could have attended the termination trial but did not, and (2) cannot show he was harmed by his counsel having only twenty-seven days to prepare for the termination trial.

As required by family code section 263.405(d), the trial court found appellant's appeal "frivolous" under the standards enunciated in civil practice and remedies code section 13.003.[12] The trial court overruled appellant's motion for new trial and appointed appellant's counsel to represent him on appeal, conditioned upon counsel filing an affidavit of indigency on appellant's behalf.[13] The trial court's order finding

---

[11] The Department's counsel reminded the court that appellant's motion for continuance was denied "because we were already on the extension period and our drop dead date was May 14 and the Court did not have any scheduled time that we could actually have this hearing except for April 26, 2011 and that's why the continuance was denied."

[12] *See* TEX. FAM. CODE ANN. § 263.405(d)(3) (requiring trial court to hold hearing to determine whether appeal is frivolous as provided by section 13.003(b) of civil practice and remedies code). One effect of a trial court's determination that the parent's appeal is frivolous—and the most significant effect for an indigent parent—is that instead of being entitled to a complete appellate record prepared at no cost to the appellant, the statute provides that only the reporter's record and clerk's record of the section 263.405(d) hearing shall be provided without advance payment. *See id.* § 263.405(g). Here, the appellate record includes the court reporter's transcript of the frivolousness hearing and the clerk's record.

[13] *See id.* § 263.405(d)(1), (2).

appellant's appeal frivolous was signed on June 14, 2011, the same day as the hearing. On June 23, 2011, appellant's counsel filed a notice of appeal in which he: (1) appealed the trial court's finding that the appeal is frivolous and (2) repeated his claim that appellant's due process rights were violated by counsel having only twenty-seven days to prepare for the termination trial.

On July 18, 2011, appellant's counsel submitted a letter and an affidavit of indigency on appellant's behalf.[14] The affidavit of indigency contains a handwritten notation: "denied, see sec. 263.405 Family Code & sec. 13.003 T.C.P.R.C."[15] On July 18, 2011, appellant's counsel additionally submitted a motion to withdraw, which stated that: (1) after the June 14, 2011 hearing, the trial court had ordered counsel to prepare an affidavit of indigency for appellant; (2) counsel had done so; (3) the trial court denied the affidavit of indigency; and (4) counsel requested an order certifying that he had been released from representing appellant as of July 1, 2011, the date the trial court denied the affidavit of indigency.[16] On July 18, 2011, the trial court signed an order stating that appellant's counsel was released from representing appellant as of July 1, 2011.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

"[If a] trial court determines that an appeal is frivolous, the scope of appellate review is statutorily limited to a review of the trial court's frivolousness finding." *In re K.D.*, 202 S.W.3d 860, 865 (Tex. App.—Fort Worth 2006, no pet.) (citing TEX. FAM. CODE ANN. § 263.405(g)). "That is, before we can reach the substantive merits of an

---

[14] Both the cover letter and the affidavit of indigency are file-stamped July 1, 2011.

[15] We assume that the hand-written notation was made by the trial court judge or a member of his staff.

[16] We note that appellant did not file an amended notice of appeal contesting the trial court's determination that he is not indigent.

6

appeal in which a frivolous finding has been made, we must first determine whether the trial court properly found the appeal to be frivolous." *In re Q.W.J.*, 331 S.W.3d 9, 12 (Tex. App.—Amarillo 2010, no pet.) (citing *Lumpkin v. Dep't of Family & Protective Servs.*, 260 S.W.3d 524, 526 (Tex. App.—Houston [1st Dist.] 2008, no pet.)). "In determining whether an appeal is frivolous, a judge may consider whether the appellant has presented a substantial question for appellate review." TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (West 2002); *see* TEX. FAM. CODE ANN. § 263.405(d)(3) (West 2008). "For analysis purposes, an appeal is frivolous when it lacks an arguable basis either in law or in fact." *Lumpkin*, 260 S.W.3d at 527.

We review a trial court's frivolousness finding under an abuse of discretion standard. *In re K.D.*, 202 S.W.3d at 866; *see also In re J.L.*, No. 13-07-345-CV, 2010 WL 746702, at *2 (Tex. App.—Corpus Christi Mar. 4, 2010, no pet.) (mem. op.). "A trial [court] abuses [its] discretion if [it] acts without reference to any guiding rules and principles," or acts arbitrarily and unreasonably under the circumstances. *See In re H.R.*, 87 S.W.3d 691, 702 (Tex. App.—San Antonio 2002, no pet.).

An appeal of a termination order is limited to the issues presented in the statement of points. *See* TEX. FAM. CODE ANN. § 263.405(b), (i)[17] *In re J.H.G*, 302

---

[17] Sections 263.405(b) and (b-1) provide:

Not later than the 15th day after the date a final order is signed by the trial judge, a party who intends to request a new trial or appeal the order must file with the trial court:

(1)    a request for a new trial; or

(2)    if an appeal is sought, a statement of the point or points on which the party intends to appeal.

(b-1)  The statement under Subsection (b)(2) may be combined with a motion for a new trial.

TEX. FAM. CODE ANN. § 263.405(b), (b-1).

S.W.3d 304, 306 (Tex. 2010) (per curiam) ("The court of appeals may not address an issue that is not included in a timely filed statement of points."); *Lumpkin*, 260 S.W.3d at 527; *In re K.C.B.,* 280 S.W.3d 888, 892 (Tex. App.—Amarillo 2009, pet. denied).

### III. DISCUSSION

Here, the trial court signed the termination order on May 26, 2011, and a statement of points was due within fifteen days after that date. The clerk's record contains no statement of points. We have contacted the district clerk's office, and no such statement, either standing alone or with a motion for new trial, was found in the district clerk's records. Instead, appellant filed: (1) a notice of appeal and motion for new trial on April 28, 2011, *before* the trial court signed the termination order; (2) an amended notice of appeal on June 1, 2011, after the trial court signed the termination order; and (3) a notice of appeal challenging the frivolousness finding on June 23, 2011. As noted, in each of these filings, appellant alleged that his right to due process was violated because his counsel had only twenty-seven days to prepare for the termination trial.

Because appellant did not file a statement of points, we cannot consider his only issue. *In re J.H.G*, 302 S.W.3d at 306. Even if we were to consider appellant's motion for new trial as a statement of points, we agree with the trial court that the points are frivolous. Tinsley's testimony at the frivolousness hearing established that appellant

---

Section 263.405(i) provides:

The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.

*Id.* § 263.405(i).

8

could have requested appointed counsel at any time, but he did not appear at any hearing until December 13, 2010, and did not request counsel at that time. Tinsley also testified that appellant was employed during the time the case was pending. Although appellant's counsel filed a motion for continuance of the termination trial on grounds that he lacked adequate time to prepare, he did not do so until the day of the termination trial. Moreover, appellant's counsel presented his due process argument to the trial court at the frivolousness hearing, but did not cite authority in support of his argument that appellant's due process rights were violated by counsel's appointment twenty-seven days before the termination trial.

In Texas, the appointment of an attorney for indigent parents in termination cases is mandated by statute. Section 107.013 (a)(1) of the Texas Family Code provides that "[i]n a suit filed by a governmental entity in which termination of the parent-child relationship is requested, the court shall appoint an attorney ad litem to represent the interests of: (1) an indigent parent of the child who responds in opposition to the termination." TEX. FAM. CODE ANN. § 107.013(a)(1) (West 2008). However, the Legislature did not set forth any time frame or procedure by which trial courts must appoint counsel. *In re M.J.M.L.*, 31 S.W.3d 347, 354 (Tex. App.—San Antonio 2000, pet. denied) (finding no violation of due process rights from delay in appointing counsel where parent did not request counsel and counsel was appointed approximately six weeks before termination trial). The timing of appointment of counsel to indigent parents appearing in opposition to termination is a matter within the trial court's discretion. *Id.*; *see Ybarra v. Tex. Dep't of Human Servs.*, 869 S.W.2d 574, 580 (Tex. App.—Corpus Christi 1993, no writ) (finding no error in failure to appoint counsel when

appellant did not request counsel and was represented by counsel at trial); *see also Melton v. Tex. Dep't of Family & Protective Servs.*, No. 03-08-168-CV, 2010 Tex. App. LEXIS 1352, at \*10 (Tex. App.—Austin Feb. 25, 2010, no pet.) (mem. op.) ("Courts have concluded that the legislature left the timing of the appointment of counsel for indigent parents to the discretion of the trial court."). In a termination proceeding, a trial court has discretion not to appoint counsel until after a parent has requested appointment. *In re J.R.P.*, 55 S.W.3d 147, 150-51 (Tex. App. —Corpus Christi 2001, pet. denied). Thus, even if we were to construe appellant's motion for new trial as a statement of points, we conclude that the trial court did not abuse its discretion in finding appellant's appeal frivolous. *See In re K.D.*, 202 S.W.3d at 866; *Lumpkin*, 260 S.W.3d at 527.

## IV. CONCLUSION

We affirm the trial court's judgment.

_____
DORI CONTRERAS GARZA
Justice

Delivered and filed the
22nd day of November, 2011.